NELS MARTINSON, Respondent, v. NILS C. FREEBERG, Appellant.

(175 N. W. 618.)

**Words imputing crime slander within statute.**

1. Under § 4353, Comp. Laws 1913, the false and unprivileged publication of an oral statement which charges any person with crime, or imputes to him want of chastity, constitutes slander.

**Libel and slander — charge of unchastity in direct terms unnecessary.**

2. It is not necessary that the charge of unchastity should be made in direct terms; but it is sufficient if the words used are such as impute unchastity and were so understood by those who heard them.

**Libel and slander — charge of unchastity sufficiently definite to constitute slander.**

3. A complaint charging the false and unprivileged publication by the defendant of an oral charge that plaintiff and defendant's wife went upstairs together, and that this did not look good to defendant; and that the charge was understood by the persons who heard it to mean that plaintiff and defendant's wife went upstairs for the purpose of having carnal intercourse,—states a cause of action.

Opinion filed October 3, 1919. Rehearing denied November 25, 1919.

Appeal from the District Court of Ransom County, *Allen,* J.

Defendant appears from an order overruling a demurrer to a complaint.

Modified and affirmed.

*O. S. Sem.* and *Jos. G Forbes,* for appellant.

"It is not actionable to charge one with a breach of conventional etiquette." Townsend, Slander & Libel, 2d ed. 252.

The rule is that the natural meaning is to be taken, and if in that view the language will bear a nonactionable meaning equally as well

as an actionable one, the courts will adopt the nonactionable construction. Townsend, Slander & Libel, 2d ed. 182.

"Words which are clearly not defamatory cannot have their natural meaning changed by innuendo." C. of G. R. Co. v. Sheftall, 45 S. E. 687; Casselman v. Winship, 19 N. W. 412; Brown v. Moore, 35 N. Y. Supp. 736; McHugh v. Equity C. P. Co. 167 N. W. 225.

If, however, the words are not per se actionable, there must be an innuendo showing, by reference to facts stated in the inducement, the injurious sense imported by the charge. 25 Cyc. 449; Townsend, Slander & Libel, 528; 18 Am. Eng. Enc. Law, 982; Newell, Defamation, S. & L. 619; Grand v. Dreyfus, 54 Pac. 389; McDermott v. Union Credit Co. 78 N. W. 967.

· "Where the words declared are capable of conveying the defamatory meaning claimed for them, and also equally capable of conveying some other and innocent meaning, there must be an averment and innuendo showing not only that the words were intended by the plaintiff in a defamatory sense, but that the hearers understood the language as conveying the alleged defamatory meaning." 25 Cyc. 452; Newell, Defamation, S. & L. 248 (note 1) and 280 and 281; 18 Am. Eng. Enc. Law, 1019; K. v. H. 20 Wis. 252; Hughes v. Samuel Bros. 159 N. W. 589.

*W. G. Curtis* and *Hugo P. Remington,* for respondent.

The following statements were held to be actionable:

Bashford was undoubtedly down the railroad track with some woman, I believe it. He is guilty. Bashford v. Wells (Kan.) 18 L.R.A.(N.S.) 580, 96 Pac. 663.

What a pity we have got such a man for a director, You must have heard of his being caught with the housegirl, I have proof enough. I have been looking around and I know it's so. Lovejoy v. Whitcomb, 174 Mass. 586, 55 N. E. 322.

See also: Proctor v. Owens, 18 Ind. 21, 8 Am. Dec. 341; Sturtevant v. Root, 27 N. H. 69; Evans v. Tibbins, 2 Grant, Cas. 451.

CHRISTIANSON, Ch. J. This is an action for slander. The complaint alleges that the plaintiff was and is a married man, sustaining a good name and character among his neighbors and acquaintances for

moral worth and integrity; that at Ransom county, North Dakota, on the 27th day of March, 1918, the defendant in the presence of Mrs. Herman Martinson, Effie Hoganson, and divers other persons, spoke to and of the plaintiff the following false and defamatory words: "He couldn't do to other men's wives, that he had done to his," meaning thereby that the plaintiff had been criminally intimate with the defendant's wife, and the same was so understood by his friends; that on the 27th day of March, 1918, in the presence of Matt Johnson and divers other persons, the defendant spoke of the plaintiff the false and defamatory words, to wit: "They went upstairs together and that doesn't look good to me," meaning said Matt Johnson and others to understand, and the said Matt Johnson and such others did understand, his meaning to be that this plaintiff and Mrs. Freeberg, the wife of the defendant, went upstairs together, for criminal and unlawful purposes, to wit, sexual intercourse.

The defendant interposed a demurrer to the complaint, and to each of the alleged causes of action therein stated on the ground that the facts alleged do not constitute a cause of action. The demurrer was overruled, and defendant appeals.

Under our laws "slander is a false and unprivileged publication, other than libel, which:

"1. Charges any person with crime or with having been indicted, convicted or punished for crime.

"2. Imputes to him the present existence of an infectious, contagious or loathsome disease.

"3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualifications in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade or business, that has a natural tendency to lessen its profits.

"4. Imputes to him impotency or want of chastity; or,

"5. Which, by natural consequences, causes actual damage." Comp. Laws 1913, § 4353.

It will be noted that our statute enlarges upon the common law, and makes oral statements which impute unchastity actionable. Our statute also provides: "In an action for libel or slander it shall not be

necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff, and if such allegation is controverted, the plaintiff shall be bound to establish on the trial that it was so published or spoken. Comp. Laws 1913, § 7463. Hence, the sole question before us on this appeal is whether the words which it is alleged that the defendant spoke of and concerning the plaintiff imputed want of chastity to the plaintiff.

It is not necessary in order to constitute actionable slander that the words should amount to a direct charge of fornication, adultery, or unchastity; but it is sufficient if the words used are such as to impute unchastity, adultery, fornication, and were so understood by those who heard them. 17 R. C. L. p. 282; 25 Cyc. 319. It has been said: "There is no offense which can be conveyed in so many multiplied forms and figures as that of incontinence. The charge is seldom made, even by the most vulgar and obscene, in broad and coarse language." Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98; Newell, Slander & Libel, 3d ed. p. 186. In ascertaining the meaning of the words constituting an alleged charge of unchastity, their context and the circumstances under which they were spoken must be considered. (17 R. C. L. p. 282.)

It is elementary that a demurrer admits the truth of all issuable, relevant, material facts well pleaded. 31 Cyc. 233; 6 Enc. Pl. & Pr. 334; 6 Standard Enc. Proc. 943. "It will only be sustained where the court can affirmatively say that the publication is incapable of any unreasonable construction which will render the words defamatory." 35 Cyc. 468.

In this case the complaint alleges that the defendant said that the plaintiff and defendant's wife went upstairs together, and that this did not look good to defendant, and that the persons to whom the statement was made understood therefrom that plaintiff and defendant's wife went upstairs for the purpose of having sexual intercourse. We are of the opinion that, in absence of explanation, reasonable men might and probably would draw this inference from the charge made. We do not, however, believe that the words, "He couldn't do to other-

men's wives, that he had done to his," standing alone are fairly suscep-
tible of imputing want of chastity or crime to the defendant.

It therefore follows that the demurrer should have been sustained
as to this charge, but was properly overruled as to the other. The order
appealed from is therefore modified accordingly. Neither party will
recover costs on this appeal.

BIRDZELL and BRONSON, JJ., concur.

GRACE, J., (concurring in part and dissenting in part). I am of the
opinion that demurrer should have been sustained to each charge or
alleged causes of actions set forth in the complaint.

ROBINSON, J., dissents.