NELS MARTINSON, Respondent, v. NILS O. FREEBERG, Appellant.

(182 N. W. 461.)

**Libel and slander — letter impliedly charging illicit relations held actionable and question was for jury — evidence sustaining verdict for plaintiff.**

In two actions for defamation which were consolidated and tried as one, the facts are stated, and it is *held:* (a) That no errors occurred at the trial prejudicial to the defendant; (b) that the trial court correctly charged the jury; and (c) that the verdict is amply supported by the evidence.

Opinion filed March 19, 1921.

Appeal from the District Court of Ransom County, Honorable *F. J. Graham,* Judge.

Affirmed.

*O. S. Sem* and *Jos. G. Forbes,* for appellant.

Qualified privilege extends to all communications made bona fide upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty; and the privilege embraces cases where the

duty is not a legal one, but where it is of moral or social character of imperfect obligation. Ross v. Ward (S. D.) 85 N. W. 182.

Plaintiff's testimony does not establish malice, does not show any injury to have been wanton or gross or outrageous, and does not show any act or omission on the part of the defendant to have been conceived in a spirit of mischief, or criminal indifference to a civil duty or obligation. Comp. Laws, § 7145; Lindblom v. Soustelie, 10 N. D. 140; Baxter v. Campbell, 97 N. W. 386.

It is the duty of the court to charge on all material points without being requested to do so. Moline Plow Co. v. Gilbert, 3 Dak. 239; Carr v. Mpls. etc. R. Co. 16 N. D. 217; Comp. Laws, § 7620.

The failure of the court to instruct the jury concerning the defense of justification by proving the truth of the charge was reversible error. Burnham v. Stone, 35 Pac. 627; Virtue v. Creamery Package Mfg. Co. 142 N. W. 930; Greengard v. Burton, 88 Minn. 252, 92 N. W. 931; Forzen v. Hurd, 20 N. D. 54.

*Curtis & Remington* (*E. T. Burke* on oral argument), for respondent.

Counsel did not object to the exhibit in question being sent out with the jury. Their failure to then object precludes them from raising the point now. 5 Enc. Ev. p. 467, and many cases there cited.

"The court in giving instructions is not required to recognize any defense presented by the pleadings which is unsupported by any evidence." Hughes, Instructions to Juries; ¶ 83.

The principle upon which this rule is founded is that only such an instruction should be given as is based upon the legitimate evidence in the case. 14 R. C. L. 786, ¶ 51.

BIRDZELL, J. This is a sequel to Martinson v. Freeberg, 44 N. D. 363, 175 N. W. 618. There are two cases of this title—one for an alleged slander and one for libel. They were consolidated and tried as one. The jury found the issues for the plaintiff and assessed his damages at $500. Judgment was entered upon the verdict, and the defendant has appealed.

The plaintiff and defendant are neighbors living on farms in the southern part of Ransom county. They have been friends and neighbors for more than twenty years, and their families are related through

the fact that the plaintiff's first wife and the defendant's wife were sisters. In the latter part of February, 1918, the plaintiff and his wife decided to go to St. Paul for a visit, and, in pursuance of a prior understanding of the defendant's desire to visit St. Paul at the same time, the plaintiff sent word to him as to the date when they were going. As a result the plaintiff, his wife and two children, and the defendant and his wife, went together to St. Paul. When they arrived there, the plaintiff made arrangements with a friend and distant relative, Peter Olson, whereby the whole party were to be accommodated in a large room in the Olson home. The room contained two beds, and it was necessary for both families to occupy it. On a certain evening during their stay there, Mrs. Martinson (plaintiff's wife) and Mrs. Olson went to the city, leaving Olson, the plaintiff, the defendant, the defendant's wife, and the two Martinson children at home. Between 8 and 9 o'clock defendant's wife, noticing that one of the Martinson children had fallen asleep in a chair, carried it upstairs, undressed it, and put it to bed. A short time after she left the room, the plaintiff carried the other child upstairs to put it to bed. About five minutes later the plaintiff started to retire, and met his wife on the stairs as she was returning from her errand. Nothing appears to have been thought of this matter at the time, but later, on March 21st, after the party had returned home, the defendant wrote the following letter to plaintiff's wife:

Lisbon, March 21, 1919.

Mrs. Martinson:—

. Nar Mrs. Olson och Mrs. Martinson gick ner i stan am qvellen sa satt jag ock Per Olson och talade sa gick min hustru upp pa roomett och sin gick Martinson efter upp pa roomett. Sa jag tyckte det sag ente bra ut for mig jag trode di hade glomt varanra nu Tilda och Nels.

—which, being translated, reads:

Lisbon, March 21, 1919.

Mrs. Martinson:—

When Mrs. Olson and Mrs. Martinson went down town in the evening, Peter Olson and I were sitting and talking together. Then my wife went up to the room and afterwards Martinson went up to the

room. I thought that did not look good to me, I thought that they had forgotten each other by this time, Tilda (defendant's wife) and Nels (plaintiff).

A few days after the above letter was written, there was a gathering at the defendant's house of an organization affiliated with one of the churches. At this gathering one of the children of a neighbor, Matt Johnson, was to be baptized, and it was desired that the plaintiff and his wife act as sponsors for the child. They accordingly went to the gathering, and it seems that the matter referred to in the letter previously written by the defendant underwent some discussion through the initiative of the defendant, who made certain statements in the hearing of others of the general purport of those contained in the letter.

This court had previously ruled, Martinson v. Freeberg, supra, that language such as that used in the letter is reasonably susceptible of a construction that would make it actionable; that the jury might find that it was intended to convey to Mrs. Martinson the charge that her husband and the defendant's wife had sustained some illicit relations. This was a question of fact for the jury. N. D. Const. § 9.

The appellant, however, upon this appeal, challenges the correctness of the English rendition of his letter. Upon the trial he admitted that the letter was properly translated as above set forth, but upon this appeal his counsel contends that the second sentence should be translated: "So I thought I should worry for that, I believed that they had forgotten each other by now, Tilda and Nels."

We find no warrant for any such rendition of the language used in the letter, and no occasion to depart from the meaning which the defendant himself attached to it upon the trial.

A number of errors are predicated upon the charge of the court. We have carefully read the charge and find that it clearly states the law applicable. No errors prejudicial to the defendant occurred during the trial. The verdict finds ample support in the evidence. It appears that a fair trial has been had. In the light of the record we regard the assignments of error as being without sufficient merit to warrant discussion seriatim. Finding no reason to disturb the verdict, the judgment is in all things affirmed.

ROBINSON, Ch. J., and CHRISTIANSON and BRONSON, JJ., concur.

GRACE, J. (dissenting). I dissent for the same reason that I dissented in the case of Martinson v. Freeberg, 44 N. D. 363, 175 N. W. 618.

I dissented there, on the ground that the demurrer should have been sustained to each of the charges, or alleged causes of action, as set forth in the complaint. I have in no measure changed my mind in that regard.

. .Further dissenting, it is clear to my mind that the language used was neither slanderous nor libelous.