Verna GOWIN, Plaintiff and Appellant,

v.

HAZEN MEMORIAL HOSPITAL ASSOCIATION, Defendant and Appellee.

Civ. No. 9959.

Supreme Court of North Dakota.

Oct. 28, 1981.

Hagen, Quast & Alexander, Beulah, for plaintiff and appellant; argued by Larry Quast, Beulah.

Richardson, Blaisdell & Isakson, Hazen, for defendant and appellee; argued by Josiah Blaisdell, Hazen.

PEDERSON, Justice.

Verna Gowin [Gowin] appeals from a district court's ruling granting Hazen Memorial Hospital [Hospital] judgment on the pleadings. The question presented upon appeal is whether or not the allegations contained in Counts I and II of plaintiff's complaint are sufficient to satisfy the requirements of Rule 8(a), NDRCivP. We conclude that they are. We reverse and remand for further consideration by the district court.

Count One of Gowin's complaint alleged that she was wrongfully demoted from her position as head of the hospital laboratory and replaced by a younger person. Count Two alleged that her professional reputation was slandered by the wrongful demotion. In its answer, the Hospital denied these allegations and alleged that the claim was frivolous.[1]

The Hospital then moved for judgment on the pleadings pursuant to Rule 12(c), NDRCivP.[2] The Hospital contended that Gowin's complaint failed to state a claim upon which relief could be granted. Gowin argued that Count One was authorized by § 34–01–17, NDCC,[3] which prohibits dis-

---

1. "In civil actions the court may, in its discretion, upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs may be awarded regardless of the good faith of the attorney or client making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim." Section 28–26–01(2), NDCC.

2. "(c) Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided

in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(c), NDRCivP.

3. "34–01–17. Unlawful to discriminate because of age—Penalty. No person carrying on or conducting within this state any business requiring employees shall refuse to hire, employ, or license, or shall bar or discharge from employment, any individual solely upon the ground of age; when the reasonable demands of the position do not require an age distinction; and, provided that such individual is well versed in the line of business carried on by such person, and is qualified physically, mentally, and by training and experience to satisfactorily perform the duties assigned to him or for which he applies. Nothing herein shall affect the retirement policy or system of any employer where such policy or system is not merely a subterfuge to evade the purposes of this section. Any

crimination because of age. Gowin, however, made no effort to amend the complaint to incorporate therein an allegation of discrimination. Matters outside the pleadings were not presented and, accordingly, this was not handled as a Rule 56 motion for summary judgment.[4] We do not consider the propriety of a summary judgment disposition. The motion for judgment on the pleadings was granted, dismissing the suit. The Hospital did not seek a ruling on the allegation that the claim was frivolous. We presume, therefore, that it has been abandoned. No issue has been raised as to the validity or construction of § 34–01–17, NDCC. Gowin appealed from the judgment dismissing the complaint.

## I.

■ Rule 8(a)[5] of the North Dakota Rules of Civil Procedure provides that a party's claim shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. The purpose of this rule is to place the defendant on notice as to the nature of the plaintiff's claim. *Jacobsen v. Pedersen,* 190 N.W.2d 1 (N.D.1971). Pleadings that indicate generally the type of claim that is involved, satisfy the spirit of Rule 8(a), NDRCivP.

■ The unskillful drafting by Gowin's counsel should not detract from the purpose of Rule 8(a), NDRCivP. If the complaint contains a short and plain statement apprising the defendant of plaintiff's claim, it is sufficient. *Johnson v. Haugland,* 303 N.W.2d 533 (N.D.1981). Rule 8(a) does not require that this short and plain statement contain a recitation of the facts which will be used to prove the cause of action. Nor

does it ordinarily require allegations of particular laws or theories under which recovery is sought. It merely requires that the complaint apprise the defendant of the nature of the plaintiff's claim. *Jacobsen v. Pedersen, supra,* 190 N.W.2d at 1.

■ At the hearing for judgment on the pleadings, the Hospital argued that it was unable to discern from the complaint the particular theory underlying Count One. However, Gowin need not specify her theory of recovery or set forth in detail the facts upon which such theory rests. The requirements of Rule 8(a), NDRCivP, are satisfied if the plaintiff is entitled to relief under any possible legal theory. *See Johnson & Maxwell, Ltd. v. Lind,* 288 N.W.2d 763 (N.D.1980), and *United Plainsmen v. N. D. State Water Cons.,* 247 N.W.2d 457 (N.D. 1976). Failure to characterize a claim as of a particular theory fails to meet the liberal requirements of Rule 8(a), NDRCivP, only if the defendant is unable to frame an appropriate responsive pleading.

■ When determining the sufficiency of a plaintiff's claim, the court should look at the substance of the claim alleged and not merely at the language used. The determination of a claim's sufficiency should be tempered with a liberal construction in favor of upholding the plaintiff's right to be heard. *Newman v. Hjelle,* 133 N.W.2d 549 (N.D.1965).

## II.

■ Insofar as it is material to this opinion, Count One of Gowin's complaint alleges:

"That on April 28, 1980 the Defendant wrongfully relieved the Plaintiff of her

---

person who violates any of the provisions of this section shall be guilty of a class B misdemeanor."

**4.** It appears from the record that no matters outside the pleadings were presented in support of the motion. Therefore, the district court properly treated it as a motion for judgment on the pleadings. *Eck v. City of Bismarck,* 283 N.W.2d 193 (N.D.1979).

**5.** "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." Rule 8(a), NDRCivP.

responsibilities as Head of the Laboratory of the Hazen Memorial Hospital and replaced her with a younger Head of the Laboratory, even though the replacement's qualifications were not as good as those of the Plaintiff.

.  .  .  .  .

"That as a result of the wrongful demotion, the Plaintiff has suffered and will continue to suffer substantial damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00)."

The standard for determining the sufficiency of the complaint was set forth in *Newman v. Hjelle, supra*, 133 N.W.2d at 555:

"The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Count One alleges that Gowin was wrongfully relieved of her responsibilities and replaced by a younger person. The word "wrongfully" connotes a tortious infringement of Gowin's right to maintain her position of employment. When Gowin alleges that she was wrongfully relieved of her responsibilities, she is not merely uttering a conclusion of law, but rather is stating a fact in language that everybody can understand. Such an allegation is sufficient to satisfy the requirements of Rule 8(a), NDRCivP. Recently we said that it is not required to plead a statute verbatim nor to refer to it by section number. *Berg v. Hogan*, 311 N.W.2d 200 (N.D.1981). The district court's ruling as to Count One is reversed. The question of whether or not there might be adequate proof to support it is not before us.

### III.

■ In Count Two of Gowin's complaint we are concerned with that language which alleges:

"That the Defendant slandered the professional reputation of the Plaintiff by arbitrarily and wrongfully demoting the Plaintiff, which injured her in her profes-

sion by imputing to her a general disqualification to be a Head of a Laboratory Department and said injury has a natural tendency to limit the opportunities that are available to the Plaintiff and her occupation.

.  .  .  .  .

"That as a result of the false and unprivileged publication the Plaintiff has been damaged in the amount of One Hundred Thousand Dollars ($100,000.00)."

Extensive research is not required to cause one to realize the vast misunderstanding prevalent in the area of defamation cases. For example, see comments made in the arguments between Dean Prosser, Reporter for Restatement Second Torts, and Professor Eldredge in The Law of Defamation. Our examination of the cases leads us to conclude that defamation is not a favored cause of action. It has been so stated in *Cimijotti v. Paulsen*, 219 F.Supp. 621 (N.D.Iowa 1963), appeal dismissed 323 F.2d 716 (8th Cir. 1963). *See also Martinson v. Freeberg*, 44 N.D. 363, 175 N.W. 618 (1919), and *Johnson v. Nielsen*, 92 N.W.2d 66 (N.D. 1958).

■ To recover on a cause of action for defamation [6] in this state, one must prove: the defamatory character of the communication, the fact that the communication refers to the plaintiff, the third party's understanding of the communication as defamatory, and, unless the communication is actionable per se, special damages suffered. *Emo v. Milbank Mutual Insurance Company*, 183 N.W.2d 508 (N.D.1971); *Rickbeil v. Grafton Deaconess Hospital*, 74 N.D. 525, 23 N.W.2d 247 (1946); *Ellsworth v. Martindale-Hubbell Law Directory*, 66 N.D. 578, 268 N.W. 400 (1936). Slander is a statutory cause of action in North Dakota. Section 14–02–04, NDCC. Pleadings which were defective under the practice prior to the adoption of the Rules of Civil Procedure in 1957, because of the absence of a statement of a "cause of action," may be sufficient under Rule 8, NDRCivP, if they set forth a "claim for relief." See Bucklin, Civil Practice of North Dakota, Commentary to Rule 8, at 170.

---

6. For further definition of terms, see § 12.1–15–01, NDCC.

Ordinarily, publication in a slander case is accomplished by the communication of the allegedly defamatory matter to a third party by spoken words, by transitory gestures, or by any form of communication other than such form as would make it a libel. See § 568(2), Restatement Second, Torts.

Gowin did allege that there was a false and unprivileged publication that imputed to her a general disqualification in her profession. We do not speculate whether or not she can prove that. The fact that the court determines whether or not the imputation is capable of bearing a particular meaning and whether or not that meaning is defamatory does not warrant a judgment on the pleadings. See § 614, Restatement Second, Torts. See also Anno: Defamation by Acts, § 4, 71 ALR2d at 814.

Rule 8(a), NDRCivP, applies equally to Count II as to Count I. Even though defamation actions are not preferred causes, the former practice requiring strict form of pleadings no longer applies.

The judgment of dismissal is reversed and the case is remanded for further proceedings.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.