Marvin SORUM, Plaintiff and Appellee,

v.

**Earl SCHWARTZ, Defendant and Appellant.**

**Civ. No. 10467.**

Supreme Court of North Dakota.

Feb. 6, 1984.

Gary R. Wolberg [argued], of Fleck, Mather, Strutz & Mayer, Ltd., Bismarck, for defendant and appellant.

Bruce O. Bekkedahl [argued] and Frederick E. Whisenand, Jr., of McIntee & Whisenand, Williston, for plaintiff and appellee.

GIERKE, Acting Chief Justice.

This is an appeal by the defendant, Earl Schwartz, from a judgment of the District Court of Burke County decreeing cancellation of a portion of an oil and gas lease. The district court also entered a conditional decree of forfeiture as to the remainder of the lease. We reverse and remand for further proceedings.

This case involves an oil and gas lease executed June 10, 1949, by M. Sorum and Anna Sorum of Flaxton, North Dakota, to whom Marvin Sorum is a successor in interest. The lease specifically covers the South Half of Section Twenty-three (23), in Township One Hundred Sixty-three (163) North, Range Ninety-one (91) West, Burke County, North Dakota, and contains 320 acres. The lease was acquired by the defendant, Earl Schwartz, in 1962 and he began operating it in 1969.

Three wells were drilled and completed within the ten-year primary term of the lease: Sorum # 1 in the Southeast Quarter of the Southwest Quarter; Sorum # 2 in the Northwest Quarter of the Southwest Quarter; and Sorum # 3 in the Northwest Quarter of the Southeast Quarter. The East Half of the Southeast Quarter remains undeveloped. The Sorum # 1 well has not produced since approximately 1969 when the well site was flooded. Sorum Nos. 2 and 3 have been shut in since December of 1980 because of bad casing.

On January 25, 1982, Sorum served upon Schwartz a summons and complaint. The complaint requested cancellation of the lease at least as to the undeveloped portions.

This case was consolidated for trial with four other cases involving similar issues of fact and law. Following trial the district court issued a single memorandum opinion in lieu of findings of fact, conclusions of law, and order for judgment. A separate judgment was issued in each case. Three of these judgments were appealed from and were consolidated for oral argument before this court. Two of these appeals have been discussed in a separate opinion.[1]

---

1. *Olson v. Schwartz,* — N.W.2d — (N.D. 1984).

Much of the difficulty in this case arises from the district court's use of a single memorandum opinion rather than separate findings of fact and conclusions of law for each case. It is apparent, however, that the court's cancellation of the lease as it pertained to the undeveloped spacing unit was based on the theory of abandonment. In regard to the remaining spacing units contained in the lease, the court stated as follows:

"... IT IS ORDERED that all the existing producing wells will continue to be operated by Schwartz. Schwartz will be permitted to rework and/or redrill the Sorum wells and complete them no later than June 30, 1983. The remaining leases on the undeveloped segments of all of the plaintiffs demised premises are CANCELLED. Should Schwartz not complete the drilling, redrilling, or reworking of the Sorum wells by June 30, 1983, this shall work a forfeiture and the leases are terminated."

The court did not state the theory on which it based this conditional decree of forfeiture.

Schwartz has raised two issues on appeal:

1. Did the trial court err in finding an abandonment of the undeveloped portion of the lease?

2. Did the trial court err in not giving Schwartz more time to redrill or rework the three wells on the Sorum lease?

I

The trial court found an abandonment of the undeveloped 80-acre spacing unit. The court based its conclusion on the following undisputed facts:

1. The acreage had been held for over twenty years without development;

2. Schwartz has no present intention of drilling a well on the undeveloped spacing unit because he feels it would be unprofitable; and

3. Schwartz wants to hold the lease on speculation that a well on the unde-

veloped spacing unit may prove profitable in the future.

The district court found that these facts proved by preponderant circumstances that Schwartz intended to abandon the undeveloped portion of the lease. The court also held that in North Dakota there can be "abandonment without physical relinquishment if the intention to abandon can be seen from the attendant circumstances". As authority for this statement, the court cited *Hermon Hanson Oil Syndicate v. Bentz,* 77 N.D. 20, 40 N.W.2d 304, 306 (1949), wherein this court stated that:

"Unless it appears either by direct evidence or preponderant circumstances that the lessee intended to abandon his lease, the courts will not declare it terminated on that ground. Intention of the lessee to abandon an oil lease is a requisite."

■ We disagree with the district court's interpretation of our holding in *Hermon Hanson Oil Syndicate.* Our statement that an oil and gas lease will not be terminated on the ground of abandonment, "Unless it appears ... that the lessee intended to abandon his lease" does not give rise to the conclusion that an oil and gas lease will be terminated if such intention does appear. We merely stated that intention is one of the requisites of abandonment. Indeed, in that case, we went on to affirm the district court's finding that there had been no abandonment on the ground that "The evidence does not show *either a physical relinquishment or an intention to abandon."* *Id.* 40 N.W.2d at 307 [emphasis added]. In *Feland v. Placid Oil Company,* 171 N.W.2d 829, 835 (1969), we quoted with approval from 3 Summers, Oil and Gas, § 468, p. 365, wherein the remedies of lessors in North Dakota were summarized as follows:

"In North Dakota an oil and gas lease may be cancelled on the theory of abandonment by the lessee or for breach by the lessee of implied covenants for reasonable development. *To constitute abandonment there must be proof of the lessee's intention to abandon and*

*actual relinquishment of the property.*" [Emphasis added.]

The record in the instant case is devoid of evidence of physical relinquishment. The trial court's finding of abandonment is therefore reversed as to the undeveloped spacing unit.

Schwartz argues that the trial court also based its conditional decree of forfeiture of the developed spacing units on the abandonment theory. We agree that the memorandum opinion is unclear in this regard. We conclude, however, after a careful perusal of the record that the court based its decree on breach of the express terms of the lease.

## II

■ The lease in question contains a *habendum* clause, which states as follows:

"It is agreed that this lease shall remain in force for a term of ten years from this date, and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee."

The breach of such provision will work a termination of the entire lease. The undisputed testimony reveals that no oil or gas has been produced on the Sorum lease since December of 1980. Schwartz made no attempt to get the wells back into production until 1981.

■ It is the general rule that a temporary cessation of production will not automatically terminate an oil and gas lease. *Feland v. Placid Oil Company, supra,* 171 N.W.2d at 836. The equities dictate that, in the ordinary case, the operator be allowed a reasonable time to bring the lease back into production. In *Reynolds v. McNeill,* 218 Ark. 453, 236 S.W.2d 723, 725 (1951), the Arkansas Supreme Court stated:

"According to the weight of authority, and we think the better view, when the lessee's estate has vested it does not automatically terminate upon a temporary cessation of production. In ventures of this kind the lessee makes a very substantial investment and bears the entire loss if the well is unproductive. It would be harsh and inequitable to say

that upon a temporary stoppage of production the lessor can declare a forfeiture and take over the property himself. Hence most authorities allow the lessee a reasonable time within which to reinstate paying production. For instance, in a case where the derricks blew down in a heavy storm, and later burned, the lessor was not permitted to declare the lease at an end because his royalties had ceased for the time being."

In the instant case, the problems with the Sorum wells are common in the industry. Schwartz has expended approximately $170,000 in his attempts to correct these problems and bring the wells back into production. In view of these expenditures, the district court determined that it was equitable to allow Schwartz a reasonable time to rework or redrill the wells.

Schwartz's first contention regarding this theory of relief is that Sorum's complaint did not allege termination by express provision of the lease and that the trial court, therefore, committed error if it based its conditional decree on that theory.

■ Rule 8(a) of the North Dakota Rules of Civil Procedure provides that a party's claim shall "contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled". The purpose of this Rule is to place the defendant on notice as to the general nature of the plaintiff's claim. *Gowin v. Hazen Memorial Hospital Association,* 311 N.W.2d 554, 556 (N.D.1981). Rule 8(a) does not require that the complaint recite all of the facts which will be used to prove the cause of action, nor does it ordinarily require the allegation of particular laws or theories under which relief is sought. *Id.*

■ Paragraph IV of Sorum's complaint states as follows:

"The Defendant has and does still claim that the Oil and Gas Lease herein is presently in full force and effect to all of the lands described therein because of

intermittent production of oil from one marginal well situated on the Northwest Quarter of the Southwest Quarter of Section 23 in Township 163 North of Range 91 West; the Defendant has made no effort for more than two (2) years last past, to drill or develop any of the other lands described in said Oil and Gas Lease, nor have they paid any delay rentals thereon.''

We conclude that the above-quoted paragraph was sufficient to apprise Schwartz of the general nature of Sorum's claim and is consistent with the theory upon which relief was granted.

Although we agree with the district court that Sorum is entitled to relief under the facts of this case, we cannot agree with the particular relief afforded.

The district court's decree required Schwartz to bring all three wells into production within seventy days or suffer forfeiture of those spacing units not in production at that time. The *habendum* clause, however, requires only that the lessee produce oil or gas from the leased premises.[2] Thus, under the express terms of the lease, Schwartz need only bring one of the wells into production to hold the entire lease. The remainder of the premises continues to be subject to the implied covenants for reasonable development. In this case, however, that relief is unavailable to Sorum because of the lack of notice and demand for further development.

For the reasons stated in this opinion, the judgment of the district court is reversed and remanded for further proceedings in accordance with this opinion.

SAND and PEDERSON, JJ., and DENNIS SCHNEIDER and JOEL D. MEDD, District Judges, concur.

MEDD and SCHNEIDER, District Judges, sitting in place of ERICKSTAD, C.J., and VANDE WALLE, J., disqualified.

---

**2.** Although the *habendum* clause at issue in this case does not expressly state that production must be "in paying quantities", the courts have quite generally held that production within the primary term, to extend the lease, must be in paying quantities. *See* 2 Summers, Oil and Gas, § 298 (Permanent Edition) and cases cited therein. If the lessee has satisfied this contingency upon which the lease is to continue beyond the primary term, the courts have held that it is the plain intent of the "thereafter" clause that the lease shall continue as long as oil or gas continues to be produced in paying quantities. *Id.,* at § 305.