Kyza DALEY, by her next friend, LeRoy DALEY, Plaintiff and Appellee,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant and Appellant.

Civ. No. 10622.

Supreme Court of North Dakota.

Oct. 23, 1984.

H.H. Galloway, Grand Forks, for plaintiff and appellee.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for defendant and appellant; argued by Howard D. Swanson, Grand Forks.

ERICKSTAD, Chief Justice.

American Family Mutual Insurance Company appeals from a judgment in favor of Kyza Daley in the amount of $2,413.99 plus interest. We reverse and remand for a trial by jury.

Kyza Daley initiated this action against American Family on December 10, 1981, alleging that she was an insured under a policy from American Family and that American Family had refused to pay medical expenses for a knee injury suffered by Kyza during training for her high school track team. In its answer to the complaint, American Family denied coverage alleging that Kyza's injury was not a "covered sickness" under the policy and that the injury was excluded from coverage under Exclusion A8 of the policy. Exclusion A8 is a "pre-existing condition" clause which excludes coverage for injuries sustained or illnesses manifested prior to the coverage date. American Family demanded trial by a twelve-person jury, in accordance with Rule 38, N.D.R.Civ.P.

 A pretrial conference was held on August 1, 1983, and the court issued its pretrial conference order that same date.[1] In its order, the court sua sponte struck American Family's demand for a jury trial:

"The Defendant has demanded a trial by jury of twelve persons. The Court has informed counsel that in its discretion it will strike the demand for trial by

jury of this case which involves a claim of less that $2,500." [2]

On the first day of trial, American Family advised the court that by appearing for trial it was not waiving its right to a jury trial. The court heard further argument on the jury issue, then ruled from the bench that there was no genuine issue of fact raised in the pleadings and therefore American Family was not entitled to a jury trial. Trial commenced to the court, and at the close of the plaintiff's evidence plaintiff's counsel made a "motion for judgment." The court granted the motion, notwithstanding that American Family had not been allowed to present its evidence.

American Family has appealed, alleging that the court erred in striking its demand for trial by jury and in granting plaintiff's motion for judgment at the close of the plaintiff's evidence. We agree with American Family on both issues.

The court initially ordered at the pretrial conference that American Family's demand for a jury trial be stricken. This was purportedly done by the court as an exercise of its discretion, based upon the relatively small dollar amount of the claim.

Right to trial by jury is governed by our constitution, statutes, and rules of procedure. Article I, Section 13 of the North Dakota Constitution provides: "The right of trial by jury shall be secured to all, and remain inviolate." We have held that this provision preserves the right of trial by jury as it existed at the time of the adop-

---

1. The record discloses that District Judge A.C. Bakken presided at the pretrial conference and that District Judge Kirk Smith presided at trial.

2. Subsequent to the issuance of the pretrial conference order but before trial, American Family petitioned this Court to issue "Writs of Certiorari, Mandamus, and Prohibition, or one or more of said writs, as this Court may deem appropriate, directed to the Honorable A.C. Bakken, Judge of the District Court, Respondent herein ... requiring and compelling Respondent to designate said action on the docket as a jury trial." The petition was denied by this Court without argument or opinion. The transcript of the proceedings from the first day of trial indicates that the trial judge may have believed that the denial of the petition, albeit without argument or opinion, was in some manner an indi-

cation that this Court agreed with the legal conclusion in the pretrial conference order. This footnote is included to alert lawyers and judges that they should not read that conclusion into such orders. The power vested in this Court to issue original and remedial writs is a discretionary power which may not be invoked as a matter of right, and this Court determines for itself in each case whether or not exercise of its original jurisdiction is appropriate. *Sunbehm Gas, Inc. v. Lesmeister*, 308 N.W.2d 555, 557 (N.D.1981); *Malony v. Cass County Court of Increased Jurisdiction*, 301 N.W.2d 112, 113 (N.D.1980); *Crawford v. Snortland*, 300 N.W.2d 254, 256 (N.D.1980). When we decline to exercise that jurisdiction without opinion it is not an indication of our position on the merits of the issues presented.

tion of our state constitution. *City of Bismarck v. Altevogt*, 353 N.W.2d 760, 764 (N.D.1984); *General Electric Credit Corporation v. Richman*, 338 N.W.2d 814, 817 (N.D.1983).

In addition, Rule 38(a) of the North Dakota Rules of Civil Procedure provides:

"*Right Preserved.* The right of trial by jury as declared by the Constitution of the United States or by the Constitution of the State of North Dakota or as given by a statute of the United States or of the State of North Dakota shall be preserved to the parties inviolate."

When a timely demand for trial by jury has been made in accordance with Rule 38(b), N.D.R.Civ.P., trial of all issues "shall be by jury" unless the parties consent to a non-jury trial or the court determines that a right of trial by jury does not exist under the relevant constitutional and statutory provisions. Rule 39(a), N.D.R. Civ.P. There is no discretion placed in the trial court to deny a jury trial when the action falls within one of the categories for which right to a jury trial has been preserved in our constitution. *See Kilgore v. Farmers Union Oil Co.*, 74 N.D. 640, 651, 24 N.W.2d 26, 32 (1946). An action for money damages for breach of contract is an action at law in which the parties have an absolute right to trial by jury if properly demanded. *See General Electric Credit Corporation v. Richman, supra,* 338 N.W.2d at 817; *Kilgore v. Farmers Union Oil Co., supra,* 74 N.D. at 648–649, 24 N.W.2d at 30–31. We hold that the court erred in striking American Family's demand for jury trial in its pretrial conference order.

Furthermore, we do not agree with the court's conclusion that American Family's answer failed to raise a genuine material issue of fact to be submitted to a jury. We have previously held that there must be a question of fact present before a party is entitled to a jury trial. *General Electric Credit Corporation v. Richman, supra,* 338 N.W.2d at 819; *Production Credit Association of Minot v. Melland*, 278 N.W.2d 780, 788 (N.D.1979); *Dorgan v. Kouba*, 274 N.W.2d 167, 173 (N.D.1978) (on Petition for Rehearing).

Under the liberal pleading requirements of our Rules of Civil Procedure, a complaint need only place the defendant on notice as to the general nature of a plaintiff's claim. *Sorum v. Schwartz*, 344 N.W.2d 73, 76 (N.D.1984); *Gowin v. Hazen Memorial Hospital Association*, 311 N.W.2d 554, 556 (N.D.1981); *State Bank of Towner, Inc. v. Rauh*, 288 N.W.2d 299, 304 (N.D.1980). The rules do not require the pleader to recite all of the facts which will be used to prove the cause of action. *Sorum v. Schwartz, supra,* 344 N.W.2d at 76; *Gowin v. Hazen Memorial Hospital Association, supra,* 311 N.W.2d at 556. In determining the sufficiency of a pleading, we will look to the substance of the claim alleged:

"When determining the sufficiency of a plaintiff's claim, the court should look at the substance of the claim alleged and not merely at the language used. The determination of a claim's sufficiency should be tempered with a liberal construction in favor of upholding the plaintiff's right to be heard." *Gowin v. Hazen Memorial Hospital Association, supra,* 311 N.W.2d at 556.

This liberal interpretation of our rules of pleading applies with equal force to defenses asserted in an answer. Rule 8(b), N.D.R.Civ.P., provides in pertinent part:

"A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."

All that is required in an answer is a short, plain statement of the defenses to be raised. In *Johnson v. Haugland*, 303 N.W.2d 533, 541 (N.D.1981), we stated:

"We believe that modern pleading rules were intended to address this issue: Does the pleader have a cause of action rather than did he skillfully plead one?"

Applying a liberal construction and looking to the substance of American Family's allegations, we conclude that American

Family's answer, although somewhat conclusory in nature, raised genuine issues of material fact. American Family's defense was clearly based upon the pre-existing condition exclusion in the policy. For the reasons stated herein, we conclude that a genuine material issue of fact was raised by the pleadings, and that accordingly the trial court erred in denying American Family its right to trial by jury.

■■■ American Family also contends that the court erred in granting plaintiff's "motion for judgment" at the close of the plaintiff's evidence. Our Rules of Civil Procedure do not provide for a "motion for judgment" in favor of the plaintiff at the close of the plaintiff's evidence. *Cf. Temme v. Traxel,* 102 N.W.2d 1, 4 (N.D. 1960).

Nor can the "motion for judgment" be sustained as a motion for an involuntary dismissal pursuant to Rule 41(b), N.D.R.Civ.P., a motion for a directed verdict pursuant to Rule 50(a), N.D.R.Civ.P., or a motion for summary judgment pursuant to Rule 56, N.D.R.Civ.P.

Rule 41(b), N.D.R.Civ.P., is clearly a defendant's remedy, providing that "a defendant may move for dismissal of an action" after the plaintiff has completed the presentation of his evidence. The court may then "render judgment against the plaintiff." The rule is therefore inapplicable to the situation in the present case.

Also inapplicable is Rule 50(a), N.D.R.Civ.P., which governs motions for directed verdict. Rule 50(a) by its terms applies only to jury trials, and, further, provides only for a motion for directed verdict by a party "at the close of the evidence offered by an opponent." Here, Daley moved for judgment at the close of her own evidence.

Finally, if Daley's "motion for judgment" were treated as a motion for summary judgment pursuant to Rule 56, N.D.R.Civ.P., it would have been error to grant such a motion in this case. A motion for summary judgment requires that the opposing party be served with the motion at least ten days prior to the time fixed for hearing. Rule 56(c), N.D.R.Civ.P. The record discloses that no such notice was ever served upon American Family. Furthermore, Rule 56(c), N.D.R.Civ.P., requires that a party against whom such a motion is made be given an opportunity to respond with affidavits or other evidence. The record does not disclose that American Family was afforded this opportunity. Under these circumstances, the judgment cannot be sustained as a summary judgment. *Temme v. Traxel, supra,* 102 N.W.2d at 3–4.

Daley argues that she was entitled to judgment as a matter of law because no material fact issue was raised. We have already held, however, that a factual issue regarding the nature and origin of her injury was raised by the pleadings. Furthermore, a review of the court's ruling on the motion indicates that the court made findings of fact on the disputed issue of the origin of Daley's injury. Despite the fact that American Family had not yet had an opportunity to present its witnesses and documentary evidence, the court, noting that there was "no scintilla of evidence ... to say that this young girl had any problems of any nature with her legs prior to the date of her examination by Dr. Richards," in effect made a finding of fact that any prior stiffness in Kyza Daley's knees was due to "growing pains" rather than to a pre-existing condition.[3]

■■■ A defendant is under no obligation to present his evidence during the plaintiff's case. Even if the plaintiff proves a prima facie case, the defendant need not rebut during the plaintiff's evidence but may wait until the plaintiff rests before putting on his case. It is fundamental to our system of justice that the defend-

---

**3.** In making this finding, the court discounted evidence, brought out on cross-examination, that Kyza Daley had been experiencing stiffness in her knees prior to the alleged track injury. The court also ignored the medical history form filled out by Kyza Daley and her father when Kyza sought medical attention. On this form, Kyza indicated that she was not seeking treatment because of an injury.

ant be afforded an opportunity to present his evidence. *See Beck v. QuikTrip Corporation*, 708 F.2d 532, 536 (10th Cir.1983). We hold that the trial court erred in granting Daley's "motion for judgment."

The judgment is reversed and the cause remanded for a jury trial.

SAND, GIERKE, PEDERSON and VANDE WALLE, JJ., concur.