August Dyre JOHNSON, Plaintiff
and Appellee,

v.

Sybil Jeanne JOHNSON, Defendant
and Appellant.

Civil No. 950267.

Supreme Court of North Dakota.

March 4, 1996.

Edward J. Bosch, Minot, for plaintiff and appellee.

Jay H. Fiedler of Pearson, Christensen, Larivee, Clapp, Fiedler & Fischer, Grand Forks, for defendant and appellant.

SANDSTROM, Justice.

Sybil and August Johnson were married in 1965. In 1993, Sybil Johnson decided to attend school in Colorado. After about two years of separation, August sued Sybil for divorce. The district court found Sybil had

"abandoned" August. The district court also concluded, under N.D.C.C. § 14–07–11, an abandoning spouse was not eligible for spousal support after the divorce, and denied Sybil Johnson's request for spousal support. Sybil Johnson appeals from the district court finding that she abandoned August Johnson and is not eligible for spousal support.

We reverse and remand.

### I

August and Sybil Johnson were married in 1965. Four children were born during the marriage. One of the children died at birth, and one died in an accident. In 1971, the parties moved to Minot, where August Johnson worked for a local heating company, averaging $1,350 per month take-home pay. Although Sybil Johnson worked occasionally outside the home during the marriage, she has no job training.

In 1993, Sybil Johnson enrolled in Colorado State College in Fort Collins, Colorado, and asked August Johnson to join her there. He refused and told her that if she left, he would divorce her. Although the marriage was strained, Sybil Johnson testified she still hoped for reconciliation. She testified she attempted reconciliation in the summer of 1994.

August Johnson sued Sybil Johnson for divorce. The complaint was filed with the district court on March 8, 1995.

Because of her sub-standard grade point average, Sybil Johnson was dismissed from the college on June 2, 1995. She attributes her poor performance to post-traumatic stress disorder, panic attacks, depression, and suicidal thoughts.

The divorce was tried before the district court on June 8, 1995. In its memorandum opinion dated June 9, 1995, the district court concluded:

"3. Sybil is incapable of rehabilitation to restore her to an independent economic status. If she is entitled to support from August, she is entitled to permanent spousal support.

"4. Sybil abandoned August and the family home. August asked her to return. She refused to return. She gave, and

apparently had no reason for leaving which indicated misconduct, only that she no longer loved August.

"5. Unless and until NDCC 14–07–10 is determined to be without meaning, it prohibits Sybil from receiving spousal support."

The district court miscited the statute; it was referring to N.D.C.C. § 14–07–11. Section 14–07–11, part of the chapter on "Husband and Wife," provides in part: "An abandoned spouse is not liable for the support of the other spouse unless there is an offer to return on the part of the abandoning spouse or the abandonment is justified by misconduct."

In its order for judgment, the district court granted the parties a divorce on the grounds of irreconcilable differences, ordered August Johnson to pay Sybil Johnson $2,100 to equalize the distribution of assets, denied Sybil's request for spousal support, and denied attorney's fees or costs to either party.

The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

### II

■ Sybil Johnson contends the district court erred in finding N.D.C.C. § 14–07–11 barred her from receiving any spousal support. She argues the district court confused the distinction between the duties spouses owe to each other during marriage, and the duty former spouses owe to each other after marriage. August Johnson argues this Court's precedent supports the district court's application of the statute to deny Sybil spousal support. The district court found Sybil had "abandoned" her spouse and the family home. The district court then concluded because of that abandonment, N.D.C.C. § 14–07–11 barred her from receiving spousal support.

■ Conclusions of law are fully reviewable on appeal. *van Oosting v. van Oosting,* 521 N.W.2d 93, 96 (N.D.1994).

## A

▮ The mutual duty of a spouse to support the other spouse *during* marriage is imposed by N.D.C.C. § 14–07–10. *Johnson v. Davis,* 140 N.W.2d 703, 704 (N.D.1966). That statute imposes the liability for "necessaries" on both spouses. The next section, which the district court and August rely on to support the denial of spousal support to Sybil, reads:

"**14–07–11. Spouse liable for support—Exception.** An abandoned spouse is not liable for the support of the other spouse unless there is an offer to return on the part of the abandoning spouse or the abandonment is justified by misconduct. Neither party is liable for the support of the other when living separate by agreement unless the support is stipulated in the agreement."

Section 14–07–11 explains that abandonment is an exception to the general duty of support spouses owe to each other.

The duty of support between married persons, absent abandonment, is well established. *See Faulk Cty. Memorial Hospital v. Neilan,* 269 N.W.2d 121, 124 (S.D.1978) (reversing a trial court decision and ordering payment of a wife's hospital bills incurred during the marriage because "there was no abandonment as contemplated by SDCL 25–7–3," and "the general duty of a husband to support his wife is applicable." S.D.C.L. § 25–7–3 is substantially identical to N.D.C.C. § 14–07–11); 41 Am.Jur.2d *Husband and Wife* § 212 (1995) ("[spouse's] unjustifiable desertion or abandonment of [the other spouse], and [a spouse's] refusal or neglect to maintain and provide [for the other spouse], are also grounds for alimony, support, maintenance, or separate maintenance, *without divorce*" [emphasis added]); 41 C.J.S. *Husband and Wife* § 48 (1995) ("[I]t has also been held that a wage-earning spouse is required to support a dependant spouse who separates from the wage-earning spouse if and only if the separation is for adequate legal cause, and that a person abandoned by a spouse is not liable for the spouse's support unless the abandonment was justified by the person's misconduct.")

▮ This Court has specifically held the mutual rights and duties concerning support of a spouse *during* a marriage are entirely separate from rights and duties of support that may be imposed on the parties *after* divorce. *Bingert v. Bingert,* 247 N.W.2d 464, 468–69 (N.D.1976). Any attempt to "integrate" the two duties, which August argues for here, "will only lead to confusion." *Bingert.*

## B

August Johnson contends our decision in *Hegge v. Hegge,* 236 N.W.2d 910 (N.D.1975), in which the appellant argued the district court should have considered the provisions of N.D.C.C. § 14–07–11 in setting spousal support, supports the district court's decision. In *Hegge,* this Court reversed a district court award of spousal support, explaining:

"[Mr. Hegge] contended that even though [section 14–07–11] addressed itself to the relationship of husband and wife, it nevertheless serves as a guide for purposes of determining whether or not alimony should be awarded in a divorce proceedings. We find it difficult to accept as a matter of law that the husband owes a greater duty to a wife upon divorce than the law had imposed upon him during the marriage. The action of the trial court resulted in the imposition of such duty. We therefore conclude that the findings of the trial court [directing the payment of alimony are] erroneous...."

*Hegge v. Hegge,* 236 N.W.2d 910, 918–19 (N.D.1975).

▮ By its plain language, N.D.C.C. § 14–07–11 applies to spouses, not former spouses. We find no support for the proposition that N.D.C.C. § 14–07–11 was intended to affect the rights and duties of support between persons *after* their divorce. We decline August Johnson's invitation to confuse the duties owed by spouses and the duties owed by divorced persons by extending N.D.C.C. § 14–07–11 beyond its intended scope. We reverse the district court's application of N.D.C.C. § 14–07–11 to support obligations after divorce.

### III

Sybil Johnson contends the district court's finding she abandoned the home is clearly erroneous. August Johnson argues Sybil Johnson's actions constituted desertion under N.D.C.C. §§ 14–05–06(1), (5), (6), and (7). Because the district court's finding of abandonment was predicated on a misapplication of N.D.C.C. § 14–07–11, and divorce was granted on the grounds of irreconcilable differences, we do not address this issue.

### IV

 The record before us reflects inappropriate and unacceptable conduct by August Johnson's attorney, and an inappropriate and unacceptable response from the district court. During his attorney's questioning of August Johnson, the transcript reflects the following:

"Q. I'm sure she'll give you a copy of that. You guys got along so good. If she'd of been my wife, I'd of whipped her up good a few times. I think you're a perfect man, myself. That's all I have.

"THE COURT: Anything further?"

Attorney Bosch's suggestion—that physical violence would have been appropriate against Sybil Johnson—is reprehensible and unacceptable. N.D.R.Prof.Cond. 3.5 and 4.4; *Vitko v. Vitko,* 524 N.W.2d 102, 105–06 (N.D. 1994) (Levine, J., concurring). The failure of the district court to censure the reprehensible suggestion is itself unacceptable. N.D.Code Jud.Cond.Canon 3(B)(6); *Vitko.*

### V

The district court erred, as a matter of law, when it applied N.D.C.C. § 14–07–11 to deny Sybil spousal support. We reverse the judgment of the district court and remand for the award of spousal support.

VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., and WILLIAM M. BEEDE, Surrogate Judge, concur.

WILLIAM M. BEEDE, Surrogate Judge, sitting in place of LEVINE, J., disqualified.