1998 ND 56

**Kip M. KALER, Leland Wolsky, and Larry Kummer as assignee of Kummer Farms Cooperative, Plaintiffs and Appellants,**

v.

**Frederick D. KRAEMER, Defendant and Appellee.**

Civil No. 970237.

Supreme Court of North Dakota.

March 5, 1998.

---

Kip M. Kaler (argued), of Kaler Law Office, Fargo, for plaintiffs and appellants.

Frederick D. Kraemer, Lake Park, MN, pro se.

NEUMANN, Justice.

[¶ 1] Kip M. Kaler, Leland Wolsky, and Larry Kummer, as assignee of Kummer Farms Cooperative, appealed the judgment and orders entered in their action against Frederick D. Kraemer. We reverse and remand.

[¶ 2] Kaler, Wolsky, and Kummer had money judgments against Kraemer which the

United States Bankruptcy Court ruled were not dischargeable. In a schedule filed in his bankruptcy proceeding, Kraemer listed his "Current monthly gross wages, salary, and commissions" as $4,333.33 ($1,000 per week). In a January 22, 1992, examination under Rule 2004, Federal Rules of Bankruptcy Procedure, Kraemer said he was paid $1,500 per week when he began working at Classic Roadsters, Ltd., but, as part of an SBA loan agreement, he had to resign as an officer of the corporation, and his "salary would be going to $1000 a week so that's where it is now."

[¶ 3] On January 27, 1992, Kraemer executed an agreement[1] allowing him to pay part of his judgment indebtedness and receive forgiveness of the remainder. The agreement provided in part:

> "Kraemer makes the following representations and warranties, . . .
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> "10. Kraemer is presently employed by Classic Roadsters, Ltd. as its executive vice president at a salary of $1,000.00 per week. There are no written employment agreements between Classic Roadsters, Ltd. and Kraemer and Kraemer has not been promised any compensation or payments by Classic Roadsters, Ltd. in excess of the $1,000.00 per week.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> "NOW THEREFORE, the Judgment Creditors, Kaler, Minch and Kraemer enter into this Agreement.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> "V.
>
> "*MISREPRESENTATIONS*
>
> "If any of the representations or statements made by Kraemer in this Agreement are false, misleading or untrue on the effective day of this Agreement or on any date any party signs this Agreement, then

---

1. The agreement was with Kip M. Kaler, Ray and Arlene Kramer, Johnson Construction, Inc., Kummer Farms Cooperative, Leland Wolsky and Karen Wolsky, who were judgment creditors of Kraemer and were referred to in the agreement as "Judgment Creditors"; Kip M. Kaler, individ-ually, and as attorney and agent for Ray and Arlene Kramer, Donald Kummer, and Johnson Construction, Inc.; and Roger J. Minch, individually, and as attorney and agent for Leland Wolsky and Karen Wolsky.

any and all forbearance and the conditional release to be given by the Judgment Creditors because of this Agreement shall not take effect but the Judgment Creditors shall retain any property or benefits they may have received because of this Agreement up to the time they notify Kraemer of the existence of any such representation or statement."

[¶ 4] In 1995, Kaler, Wolsky, and Kummer sued Kraemer, alleging in part:

"13. The Defendant committed another act of fraud by signing a 'Payment Agreement, Conditional Forgiveness of Nondischargeable Judgment Indebtedness and Nonmutual Releases' dated January 27, 1992 wherein he represents that he was receiving a salary of $1,000.00 per week. The Defendant was in fact at that time, and at all other relevant times, receiving a salary of $1,500.00 per week.

"14. The Plaintiffs hereby rescind the 'Payment Agreement, Conditional Forgiveness of Nondischargeable Judgment Indebtedness and Nonmutual Releases', dated January 27, 1992.

"15. Each of the acts of fraud described above were committed by the Defendant with the intent to induce the Plaintiffs to enter into the agreement dated January 27, 1992; but for the fraudulent inducement the Plaintiffs would not have entered into the agreement.

　*　　*　　*　　*　　*　　*

"19. The Plaintiffs are entitled to the alternative relief of 1) rescission of the agreement; 2) damages for the fraud; or 3) relief according to the agreement, in the form of reinstatement of the judgments against the Defendant that Plaintiffs have satisfied."

The parties stipulated "Kraemer received weekly gross pay from Classic Roadsters, Ltd. of $1,500 for the pay periods June 30, 1991 thru April 3, 1992 and gross weekly pay of $1,730.77 for the pay periods beginning April 10, 1992 thru at least December 31, 1992."

[¶ 5] The trial court found: (1) "all obligations per the agreement have been performed and all benefits per the agreement have been received," (2) "both parties were informed that Kraemer's weekly gross income from Classic Roadsters, Ltd. was $1,500.00 per week and that Kraemer's weekly net income from Classic Roadsters, Ltd. was approximately $994.51;" and (3) "both Kraemer and plaintiffs were on notice of the uncertainty of Kraemer's future income at the time the agreement was formed." The court concluded "Plaintiffs failed to prove by clear and convincing evidence that Kraemer's statement of weekly income from Classic Roadsters, Ltd. was known by Kraemer to be untrue, and made with intent to deceive plaintiffs." [2]

[¶ 6] Kaler, Wolsky, and Kummer filed a motion to amend the findings of fact and judgment on the ground the court did not address all their causes of action or all types of fraud. The trial court denied the motion, explaining:

"To be clear, yet succinct, Plaintiffs' Complaint contained one cause of action— that of fraudulent inducement of Plaintiffs by Defendant to enter into a settlement agreement through misrepresentation of Defendant's weekly income. *Amended Complaint*, paragraphs 11–15. In this Court's view, the Plaintiffs did not meet their burden of proof at trial to maintain the cause of action stated in their Amended Complaint. It was therefore unnecessary for the Court to explain why the Court did not grant one or more of the Plaintiffs' requests for relief."

A judgment of dismissal was entered, and Kaler, Wolsky, and Kummer appealed.

[¶ 7] Under Rule 8(a), N.D.R.Civ.P., a complaint "must contain (i) a short and plain statement of the claim showing that the pleader is entitled to relief, and (ii) a demand for judgment for the relief the pleader seeks." "All pleadings shall be so construed as to do substantial justice." Rule 8(f), N.D.R.Civ.P. "Complaints are construed lib-

---

**2.** A negligent misrepresentation made to induce a party to enter into a contract is actual fraud under NDCC 9–03–08. *Bourgois v. Montana-* *Dakota Utils. Co.,* 466 N.W.2d 813; 817–18 (N.D. 1991).

erally so as to do substantial justice. *Reule v. Bismarck Public School District*, 376 N.W.2d 32 (N.D.1985)." *Jablonsky v. Klemm*, 377 N.W.2d 560, 565 (N.D.1985). "Under our liberal pleading rules, the plaintiffs were not required to allege every element of their claim." *Id.*; *accord, Varriano v. Bang*, 541 N.W.2d 707, 712 n. 4 (N.D.1996).

[¶ 8] In their complaint, Kaler, Wolsky, and Kummer sought alternative relief of rescission of their agreement with Kraemer, damages for fraud, or "relief according to the agreement." In furtherance of the claim for relief according to the agreement, Kaler testified about the purpose of the one thousand dollars per week figure contained in the settlement agreement:

"We had been given information in the bankruptcy that Mr. Kraemer's making a thousand dollars per week. We had gotten information from Classic Roadsters that previously he had been making $1500 per week.

"They came in and testified at the deposition that it had been fifteen, was now decreased to a thousand dollars, and we were uncertain as to which time any of those people were telling us the truth; and, therefore, *they're making the representation to us that this is it, this is what I am actually making; if it's not true, you can back out of the agreement.*" (Emphasis added.)

[¶ 9] Construing the complaint liberally[3] and considering Kaler's testimony at trial, we conclude that, in addition to stating a claim for fraudulent inducement, Kaler, Wolsky, and Kummer presented a claim for enforcement of their contractual rights under Section V of their agreement with Kraemer, which the trial court did not address.

[¶ 10] We need not address the other issues raised. "Questions, the answers to which are not necessary to the determination of an appeal, need not be considered." *State v. Osier*, 1997 ND 170, ¶ 14, 569 N.W.2d 441.

[¶ 11] The judgment is reversed and the matter is remanded for consideration of the claim for contractual relief presented by Kaler, Wolsky, and Kummer.

[¶ 12] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

---

3. We are here applying a liberal pleading rule to sustain a contract claim, rather than a fraud claim, which, under Rule 9(b), N.D.R.Civ.P., must be "stated with particularity."