652 N.W.2d 918 (2002)
2002 ND 181
In the Matter of DISCIPLINARY ACTION AGAINST Jonathan T. GARAAS, a Member of the Bar of the State of North Dakota.
Paul W. Jacobson, Disciplinary Counsel, Petitioner
v.
Jonathan T. Garaas, Respondent.
Jonathan T. Garaas, Petitioner
v.
Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.
Nos. 20020103, 20020113.
Supreme Court of North Dakota.
November 15, 2002.
*919 Paul W. Jacobson, Bismarck, ND, for petitioner.
Ronald H. McLean (argued) and Timothy G. Richard (on brief), Serkland Law Firm, Fargo, ND, for respondent.
PER CURIAM.
[¶ 1] Jonathan T. Garaas and Disciplinary Counsel have both petitioned for review *920 of a hearing panel's report and order of reprimand, which found Garaas had violated the North Dakota Rules of Professional Conduct and ordered that Garaas be publicly reprimanded and pay costs of the disciplinary proceeding. We conclude Garaas has violated N.D.R. Prof. Conduct 3.5(a), 3.5(b), and 8.4(e), and we order that he be publicly reprimanded and pay the costs of the disciplinary proceedings in the amount of $7,312.42.

I
[¶ 2] Garaas has represented TAG Investments in lengthy and contentious litigation with Matrix Properties Corporation over a disputed option to purchase real estate. That litigation has spawned numerous appeals. See Matrix Properties Corp. v. JCG Investments, L.L.C., 2002 ND 99, 647 N.W.2d 706; Matrix Properties Corp. v. TAG Investments, 2002 ND 86, 644 N.W.2d 601; Matrix Properties Corp. v. TAG Investments, 2001 ND 128, 636 N.W.2d 674; Matrix Properties Corp. v. TAG Investments, 2000 ND 213, 622 N.W.2d 432; Matrix Properties Corp. v. TAG Investments, 2000 ND 88, 609 N.W.2d 737. This disciplinary proceeding arose out of Garaas's conduct at post-judgment proceedings in the Matrix litigation occurring in November 2000 and January 2001.
[¶ 3] At a November 7, 2000, hearing on Matrix's motion to compel transfer of the real estate, Garaas made repeated assertions that opposing counsel was making false representations of fact and had lied to the court. Garaas at one point stated:
Your Honor, I cannot let it go by one more time because Mr. Spaeth just lied to you one more time.... That representation by Mr. Spaeth is an absolute falsehood and he can't get away with it anymore.... And we will never accept Mr. Spaeth's false representation in violation of the Canons and in violation of every concept of due process that I know.
[¶ 4] At status conference on January 2, 2001, Garaas argued the court lacked jurisdiction in the matter because there was an appeal pending in this Court. The trial judge asked Garaas if his client would sign deeds conveying the disputed property if ordered to do so by the court at a court-supervised closing scheduled for January 5, 2001. In responding to the court's question, Garaas suggested that the trial judge was placing himself "at risk":
There is a lot of things that are going to have to be resolved, and I guess frankly I have a question in my mind as to whether or not the Court wants to enter into a course of action that places the trial court judge and the State of North Dakota at risk....
So when you ask me a question as to whether or not we are going to sign a deed, there are so many things that still have yet to be resolved that why would the Court want to put this Court and the State of North Dakota at risk when we are guaranteed to have another lawsuit, guaranteed to have another trial to determine whether or not there has been damages or a quiet title action and establish what the record is for this property.
[¶ 5] On January 5, 2001, the court held a "Court Overseen Closing" to convey the disputed property. At the outset of that proceeding, the trial court stated it was acting pursuant to this Court's December 12, 2000, opinion in Matrix Properties, 2000 ND 213, 622 N.W.2d 432, in which we summarily affirmed an earlier post-judgment order and directed the trial court "to order specific performance requiring TAG and Grettum to convey the subject property upon tender by Matrix of the purchase price set in the 1996 option *921 agreement." Garaas again argued the trial court lacked jurisdiction to order conveyance of the property, and asserted this Court had falsely represented the issues in the prior appeal:
The first issue was that the North Dakota Supreme Court has wrongfully identified the issue on appeal. Actually they made a false representation of what the issue was being appealed.
[¶ 6] At the January 5 hearing Garaas was allowed to argue at length, challenging jurisdiction of the trial court and whether Matrix had complied with the terms of the option. The court ultimately determined Matrix was prepared to tender payment of the purchase price and indicated it was TAG's "last chance" to execute deeds conveying the property or it would be judicially conveyed. The court then asked Garaas and his client, "Do you wish to comply with the order of the Court to convey this property?" After Garaas again reiterated his argument that Matrix had failed to comply with the option and the option had expired, the following colloquy occurred between Garaas and the court:
THE COURT: The Defendantthe Defendant's counsel [Garaas] in the presence of the Court has informed the Court that they'll not comply with the Court's order. Proceed.
MR. GARAAS: Which Court order are you talking about, Your Honor?
THE COURT: The order to convey it's [sic] property.
MR. GARAAS: Which one was that, Your Honor?
THE COURT: The one they just made.
MR. GARAAS: At this point in time?
THE COURT: Yes.
MR GARAAS: On what legal basis, Your Honor?
THE COURT: Enough. Sit. Enough.
MR. GARAAS: On what legal basis? I only ask that this Court identify on what legal basis it acts, because my client has a right to know. My client has a right to due process of law, Your Honor.
THE COURT: Proceed.
MR. GARAAS: You will not answer my question, Your Honor?
THE COURT: Mr. Garaas, I've already put on the record that we're proceeding pursuant to the Supreme Court's directive of December 12th.
MR. GARAAS: And how does the court get around the fact that it isn't a final Supreme Court order and the mandate has not been returned to you and jurisdiction still is at the Supreme Court, Your Honor? How can this Court act in derogation of it's [sic] duties to honor the fact that jurisdiction is now at the Supreme Court level not back here. This Court can't act, Your Honor, on the basis of the December 12, 19of the year 2000 decision of the Supreme Court. How can the Court act when it doesn't have jurisdiction based upon that order, Your Honor? My client would like to know.
THE COURT: The Court's been directed by the Supreme Court to proceed. The Supreme Court directs the District Court what to do. I am proceeding under that directive.
MR. GARAAS: Is there a directive that's different than the December 12, 2000, order, Your Honor? Has there been direct communication between the Supreme Court and this Court that is not of record and not reported on December 12th. Because there is no such directive other than the December 12th and that's not a final order. Is there a directive from the Supreme Court to this Court to proceed today that is not placed of record, Your Honor? Have *922 you had telephone conversations with any member of the Supreme Court?
THE COURT: Mr. Garaas, of course not. But this now is getting to be ridiculous. You've tried these arguments now in front of eight different judges, five in the Supreme Court, Judge Erickson, this Court, Judge Webb. It's over now so we're gonna proceed. Go ahead.
MR. GARAAS: Has there been communications with any representative of the Supreme Court of North Dakota?
THE COURT: Sit down now, Mr. Garaas. Proceed.
MR. GARAAS: May Imy client and I would like to know, Your Honor.
THE COURT: Mr. Garaas, this is the last time now before I ask you to be removed from the Court. We're gonna proceed with the hearing. Your partner will have to sit in your place. But this is beyond any appropriate measure of conduct for an attorney.
MR. GARAAS: I merely wanted to know what jurisdiction the Court was exercising, Your Honor.
THE COURT: Proceed.
[¶ 7] The court ultimately ordered judicial conveyance of the property. At the conclusion of the January 5 hearing, the trial court stated:
The Court's repeatedly heard arguments as to deficiencies in the Plaintiff's attempt to close this matter but these matters have been adjudicated or have no merit. The Defendants' arguments from the Court's perspective are for the purposes of delay....
....
This has been a case that's involved a lot of patience I guess on all parties involved. The Court's been disappointed in some of the conduct exhibited here with the way other officers of the Court have been treated, the way this Court and the Supreme Court has been referred to in these proceedings as doing or considering anything inappropriate.
[¶ 8] At the disciplinary hearing, the trial judge characterized Garaas's behavior as "threatening," "defiant," and "obstructionist," and stated "I didn't view him as attempting to help the Court resolve the matter on a legal basis." When asked about Garaas's comment that the judge might be putting himself "at risk," the judge testified he perceived it "as a threat to sue me personally" and "viewed it as an attempt to stop or delay the process of the Court's attempt to enforce the judgment."
[¶ 9] A petition for discipline was served charging Garaas with violations of N.D.R. Prof. Conduct 3.5(a), 3.5(b), 4.4, and 8.4(e), and N.D.R. Lawyer Discipl. 1.2(A)(8). The hearing panel concluded Garaas's "at risk" comments and the lengthy colloquy with the trial court during the January 5 hearing violated the disciplinary rules. The hearing panel further concluded Garaas's statement that Mr. Spaeth had lied did not constitute a breach of N.D.R. Prof. Conduct 4.4, and that Garaas's statement that this Court had made a false representation, while improper, had not been pleaded as a basis for discipline. Taking into consideration substantial mitigating circumstances, the hearing panel ordered that Garaas be publicly reprimanded and that he pay the costs of the disciplinary proceedings in the amount of $7,312.42. Both Garaas and Disciplinary Counsel petitioned for review of the hearing panel's report and order of reprimand. We granted the petitions for review.
[¶ 10] The hearing panel had jurisdiction under N.D.R. Lawyer Discipl. 3.1(E). Garaas and Disciplinary Counsel timely filed petitions for review under N.D.R. Lawyer Discipl. 3.1(F)(1). This Court has jurisdiction under N.D.R. Lawyer Discipl. 3.1(F)(1).

*923 II
[¶ 11] We review disciplinary proceedings de novo on the record. In re Edwardson, 2002 ND 106, ¶ 9, 647 N.W.2d 126; In re Crary, 2002 ND 9, ¶ 7, 638 N.W.2d 23. We accord due weight to the findings and conclusions of the hearing panel, but we do not act as a mere rubber stamp. Edwardson, at ¶ 9; In re Swanson, 2002 ND 6, ¶ 6, 638 N.W.2d 240.
[¶ 12] Rule 3.1(F)(1), N.D.R. Lawyer Discipl., requires the petition for review of a hearing panel's order of reprimand to contain "a clear statement of the reasons petitioner believes the panel's decision is arbitrary, capricious, or unreasonable." That language is relevant only to our initial determination whether to grant the petition for review. If the petition is granted, and briefing and oral argument are ordered under N.D.R. Lawyer Discipl. 3.1(F)(1), we employ our traditional de novo review in determining whether discipline is warranted and the appropriate sanctions to be assessed. See Toth v. Disciplinary Board, 1997 ND 75, ¶¶ 10-11, 562 N.W.2d 744 (the "arbitrary, capricious, or unreasonable" standard under N.D.R. Lawyer Discipl. 3.1(D)(8) governs only the initial determination whether to grant leave to appeal from an informal disposition, and this Court will review the substantive evidence and the merits de novo on the record).
[¶ 13] Disciplinary Counsel bears the burden of proving each alleged violation of the disciplinary rules by clear and convincing evidence. Edwardson, 2002 ND 106, ¶ 9, 647 N.W.2d 126; Crary, 2002 ND 9, ¶ 7, 638 N.W.2d 23. Each disciplinary case must be considered on its own facts to decide what discipline is warranted. Edwardson, at ¶ 9; Swanson, 2002 ND 6, ¶ 6, 638 N.W.2d 240.

III
[¶ 14] Disciplinary Counsel argues the hearing panel erred in concluding that Garaas's statements about this Court making false representations "were not part of the petition for discipline."
[¶ 15] The hearing panel did not explain the basis for its conclusion these statements were not part of the petition for discipline. The petition for discipline quoted Garaas's statements that this Court had "wrongfully identified the issue on appeal" and had "made a false representation of what the issue was being appealed." The petition alleged Garaas's conduct violated N.D.R. Prof. Conduct 8.4(e), which provides it is professional misconduct to engage in conduct that is a basis for revocation or suspension of a lawyer's certificate of admission, and N.D.C.C. § 27-13-01(1), which provides that an attorney shall maintain respect for courts of justice and judicial officers.
[¶ 16] Although there is no dispute that the petition alleges that Garaas made the statements about this Court, Garaas contends that the petition failed to specifically detail the statutes and rule that would make his conduct sanctionable. Garaas claims the pleading is defective because it fails to specifically enumerate N.D.C.C. § 27-14-02(3), which is a necessary middle step between Rule 8.4(e) and N.D.C.C. § 27-13-01(1).
[¶ 17] In order to place Garaas's argument in context, a brief overview of the interplay between the rule and statutes is helpful. Rule 8.4(e) provides that it is professional misconduct for a lawyer to "engage in other conduct that is enumerated in the North Dakota Century Code as a basis for revocation or suspension of a lawyer's certificate of admission." Section 27-14-02(3), N.D.C.C., provides that a lawyer's certificate may be revoked or suspended if he willfully violates any of the *924 duties of an attorney or counselor at law. Section 27-13-01(1), N.D.C.C., enumerates the duties of attorneys, and provides that every lawyer and counselor at law shall "[m]aintain respect for courts of justice and judicial officers." Thus, an attorney may be sanctioned for failing to maintain respect for the court.
[¶ 18] Garaas contends the petition failed to properly plead a violation based upon Garaas's statements because it did not specifically refer to N.D.C.C. § 27-14-02(3). Our rules for pleading in disciplinary proceedings are not so strict and arcane. Rule 3.1(E)(1), N.D.R. Lawyer Discipl., provides that the petition must be "sufficiently clear and specific to inform the lawyer of the alleged misconduct." In addition, N.D.R. Lawyer Discipl. 3.5(B) provides that, except as otherwise provided and insofar as appropriate, the North Dakota Rules of Civil Procedure apply in disciplinary proceedings. See In re Howe, 2001 ND 7, ¶ 7, 621 N.W.2d 361. Under the civil rules, a pleading is sufficient if it contains (1) a short, plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for the relief the pleader seeks. N.D.R.Civ.P. 8(a); Kaler v. Kraemer, 1998 ND 56, ¶ 7, 574 N.W.2d 588; In re Estate of Hill, 492 N.W.2d 288, 296 (N.D.1992).
[¶ 19] Both N.D.R. Lawyer Discipl. 3.1(E)(1) and N.D.R.Civ.P. 8(a) adopt notice pleading, where the purpose is to place the party on notice as to the nature of the pleader's claim, and pleadings that indicate generally the type of claim that is involved are sufficient. See Estate of Hill, 492 N.W.2d at 296; Jablonsky v. Klemm, 377 N.W.2d 560, 565 (N.D.1985). Pleadings are to be liberally construed to do substantial justice. See N.D.R.Civ.P. 8(f); Kaler, 1998 ND 56, ¶ 7, 574 N.W.2d 588; Estate of Hill, at 296. Under these liberal pleading rules, a pleading need not specifically allege every element of the claim. Kaler, at ¶ 7; Jablonsky, at 565.
[¶ 20] The petition for discipline in this case unambiguously placed Garaas on notice of the nature of the "claim" against him. The specific facts were alleged, including quotation of the exact statements alleged to have violated the rules. The petition further specified that Garaas's conduct violated N.D.C.C. § 27-13-01(1) and N.D.R. Prof. Conduct 8.4(e). Any doubt whether violation of a duty of an attorney under N.D.C.C. § 27-13-01 was a sanctionable offense is dispelled by the Comment to N.D.R. Prof. Conduct 8.4, which specifically enumerates N.D.C.C. § 27-13-01 as one of the statutes providing the basis for revocation or suspension of a lawyer's certificate of admission, and thus for sanctions under the rule. Furthermore, this Court has explicitly stated that failure to maintain respect for the court under N.D.C.C. § 27-13-01(1) will provide the basis for sanctions under N.D.R. Prof. Conduct 8.4(e). See In re Gronneberg, 2001 ND 158, ¶ 12, 634 N.W.2d 491.
[¶ 21] We conclude the petition adequately placed Garaas on notice of the nature of the allegations against him and satisfied the requirements of N.D.R. Lawyer Discipl. 3.1(E)(1) and N.D.R.Civ.P. 8(a).

IV
[¶ 22] There is no real factual dispute about Garaas's conduct. All of the alleged misconduct consisted of statements made in open court, and Garaas does not dispute the accuracy of the transcripts of what he said. The dispositive issue is whether Garaas's conduct constituted ethical violations. Garaas contends that his conduct during the hearings did not violate the disciplinary rules, but was merely zealous representation of his client.
*925 [¶ 23] Garaas argues that his conduct, while perhaps at times impolite, was merely zealous representation of his client. "[A] lawyer is not always protected by following the client's specific directions." In re Boulger, 2001 ND 210, ¶ 27, 637 N.W.2d 710 (Sandstrom, J., concurring). Not every lawyer excess is justified by the mantra of zealous representation.
[¶ 24] The Comment to N.D.R. Prof. Conduct 3.5 explains:
The lawyer's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the lawyer's right to speak on behalf of litigants.... A lawyer can present the cause, protect the record for subsequent review and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.
Similarly, the Supreme Court of Minnesota has stated:
Respondent asserts he has a right, indeed an obligation, to represent his clients vigorously, aggressively, and zealously. To be vigorous, however, does not mean to be disruptively argumentative; to be aggressive is not a license to ignore the rules of evidence and decorum; and to be zealous is not to be uncivil.
In re Williams, 414 N.W.2d 394, 397 (Minn.1987).
[¶ 25] There is a line of demarcation between zealous representation of a client and unethical conduct.

V
[¶ 26] Garaas argues the statements he made are protected under the First Amendment and he cannot be sanctioned for exercising his right to free speech. Relying upon Gentile v. State Bar of Nevada, 501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991), Garaas argues "an attorney may not be disciplined based solely on his/her speech unless such speech becomes so extreme as to become prejudicial to the administration of justice."
[¶ 27] Garaas has misread Gentile. While the Court concluded that a lawyer's out-of-court speech could be the basis for disciplinary sanctions if it creates a "substantial likelihood of material prejudice" in a pending case, see id. at 1074-75, 111 S.Ct. 2720, the Court noted that a lawyer's free speech rights in a courtroom are even more limited:
It is unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to "free speech" an attorney has is extremely circumscribed. An attorney may not, by speech or other conduct, resist a ruling of the trial court beyond the point necessary to preserve a claim for appeal.
Id. at 1071, 111 S.Ct. 2720.
[¶ 28] The First Amendment does not preclude sanctioning a lawyer for intemperate speech during a courtroom proceeding. Addressing Gentile in a disciplinary proceeding, the Supreme Court of Missouri concluded:
An attorney's free speech rights do not authorize unnecessary resistance to an adverse ruling.... Once a judge rules, a zealous advocate complies, then challenges the ruling on appeal; the advocate has no free-speech right to reargue the issue, resist the ruling, or insult the judge.
In re Coe, 903 S.W.2d 916, 917 (Mo.1995).
[¶ 29] The United States Court of Appeals for the First Circuit, addressing a lawyer's claim of free speech rights in the courtroom, noted:
A courthouseand, especially, a courtroomis a nonpublic forum. A courtroom's *926 very function is to provide a locus in which civil and criminal disputes can be adjudicated. Within this staid environment, the presiding judge is charged with the responsibility of maintaining proper order and decorum. In carrying out this responsibility, the judge must ensure "that [the] courthouse is a place in which rational reflection and disinterested judgment will not be disrupted."
Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir.1997) (citations omitted) (quoting Ryan v. County of DuPage, 45 F.3d 1090, 1095 (7th Cir.1995)).
[¶ 30] A lawyer's right to exercise free speech does not permit a lawyer appearing in a judicial proceeding in open court to call opposing counsel a liar, to threaten a judge with personal liability if he rules a certain way, to accuse an appellate court of false misrepresentation, or to engage in a lengthy, disruptive, belligerent, and disrespectful exchange with the court. We conclude that sanctioning Garaas for his statements during the post-judgment proceedings does not violate his right to free speech.

VI

A
[¶ 31] At the November 7, 2000, hearing, Garaas accused opposing counsel of lying to the court. Disciplinary Counsel argues this conduct violated N.D.R. Prof. Conduct 3.5(b) and 4.4.
[¶ 32] Rule 4.4, N.D.R. Prof. Conduct, requires that, "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or burden a third person." Rule 3.5(b), N.D.R. Prof. Conduct, states that a lawyer "shall not ... engage in conduct intended to disrupt a tribunal." The commentary to Mod. R. Prof. Conduct 3.5(c), which is identical to N.D.R.Prof. Conduct 3.5(b), indicates that, "[a]lthough there is no bright-line rule defining conduct violative of Rule 3.5(c), disruptive conduct is commonly evaluated in light of the totality of the circumstances." American Bar Association Center for Professional Responsibility, Annotated Model Rules of Professional Conduct 343 (3d ed.1996).
[¶ 33] Garaas's conduct in accusing opposing counsel of lying to the court was reprehensible. See Johnson v. Johnson, 544 N.W.2d 519, 522 (N.D.1996). Viewing this conduct in light of the totality of the circumstances, however, we do not conclude there was a violation of N.D.R. Prof. Conduct 3.5(b) or 4.4, and Disciplinary Counsel has not argued the conduct violated other provisions.

B
[¶ 34] At the January 2, 2001, status conference, Garaas warned the trial judge that he would be placing himself "at risk" if he continued with the proceedings and ordered Garaas's client to sign the deeds. Garaas's statement was a clear threat to sue the judge personally. At the disciplinary hearing, the trial judge testified he perceived Garaas's statements "as a threat to sue me personally" and "viewed it as an attempt to stop or delay the process of the Court's attempt to enforce the judgment." Rule 3.5(a), N.D.R. Prof. Conduct, states that a lawyer shall not "seek to influence a judge ... by means prohibited by law." A judge must be free to determine cases based upon the evidence and applicable law, without threats of potential personal liability. See N.D.Code Jud. Conduct Canon 3(B)(2). Garaas's threat that the judge was placing himself "at risk" violated N.D.R. Prof. Conduct 3.5(a).

C
[¶ 35] At the January 5, 2001, hearing, Garaas stated that this Court had "made a *927 false representation of what the issue was" in an earlier appeal. Section 27-13-01(1), N.D.C.C., provides that a lawyer must "[m]aintain respect for courts of justice." As previously discussed, a violation of a lawyer's duty under N.D.C.C. § 27-13-01(1) is sanctionable under N.D.R. Prof. Conduct 8.4(e). While a lawyer is certainly free to register his disagreement with a court's ruling, he must do so without showing disrespect to the court. Garaas's statement that this Court made a "false representation" carries a connotation of intentional wrongful conduct. We conclude Garaas's statement crossed the line beyond criticism to disrespectful assertion of wrongdoing by the Court, and constitutes a violation of N.D.R. Prof. Conduct 8.4(e).

D
[¶ 36] During the January 5 hearing, Garaas also engaged in the lengthy colloquy with the court in which Garaas repeatedly questioned the court on what basis it was proceeding and accused the court of having ex parte contacts with the Supreme Court. Garaas's conduct can be characterized as disruptive, belligerent, and disrespectful. Rule 3.5(b), N.D.R. Prof. Conduct, provides a lawyer shall not "engage in conduct intended to disrupt a tribunal." Under N.D.C.C. § 27-13-01(1) and N.D.R. Prof. Conduct 8.4(e), a lawyer is also prohibited from engaging in conduct that fails to maintain proper respect for the court. Garaas's conduct was disruptive, belligerent, and disrespectful to the court and violated N.D.R. Prof. Conduct 3.5(b) and 8.4(e).

VII
[¶ 37] Civility is not too much to expect in a civilized society's alternative to brute force, stealth, and deception. In the final analysis, we will not allow this lawyer to drag to a new low the baseline of acceptable courtroom conduct. Garaas's conduct went beyond acceptable zealous representation and constituted violations of the disciplinary rules.
[¶ 38] We have determined Garaas violated various disciplinary rules by his conduct at the post-judgment proceedings. The hearing panel ordered that Garaas be publicly reprimanded and that he pay the costs of the disciplinary proceedings. The hearing panel found substantial mitigating factors on Garaas's behalf.
[¶ 39] We have considered the nature of Garaas's conduct, the multiple violations, Garaas's prior disciplinary record, and the substantial mitigating factors. We conclude that under the circumstances of this case, a public reprimand and payment of costs are appropriate sanctions.
[¶ 40] We order that Garaas be publicly reprimanded for violating N.D.R. Prof. Conduct 3.5(a), 3.5(b), and 8.4(e). We further order that Garaas pay the costs of the disciplinary proceedings in the amount of $7,312.42.
[¶ 41] VANDEWALLE, C.J., SANDSTROM, NEUMANN and MARING, JJ., and JAMES H. O'KEEFE, Surrogate Judge, concur.
[¶ 42] The Honorable JAMES H. O'KEEFE, Surrogate Judge, sitting in place of KAPSNER, J., disqualified.