2004 ND 133

**Mark TIBERT and Suzi Tibert, Plaintiffs and Appellants,**

v.

**MINTO GRAIN, LLC, Bill Slominski, and Kathy Slominski, Defendants and Appellees.**

No. 20030208.

Supreme Court of North Dakota.

June 30, 2004.

See also 679 N.W.2d 440, 681 N.W.2d 70.

David C. Thompson, David C. Thompson, P.C., Grand Forks, N.D., for plaintiffs and appellants.

Scott J. Landa, Zimney Foster P.C., Grand Forks, N.D., for defendants and appellees; submitted on brief.

NEUMANN, Justice.

[¶ 1]  Mark and Suzi Tibert (collectively known as "Tiberts") appeal from the trial court's judgment in an action to quiet title and for declaratory relief against Minto Grain, LLC, and Bill and Kathy Slominski (collectively known as "Minto Grain"). We affirm.

I

[¶ 2]  Minto Grain, LLC, is located on former right-of-way property once owned by Burlington Northern Santa Fe Railroad ("BNSF") within the City of Minto. Bill and Kathy Slominski are the sole members of Minto Grain, LLC. Minto Grain, LLC, purchased the right-of-way property in 2001, and BNSF delivered a quit-claim deed, reserving certain mineral rights and roadway easements. The Tiberts own property immediately to the east of and abutting land owned by Minto Grain, LLC. The Tiberts concede Minto Grain, LLC, is the legal owner of the former BNSF right-of-way property, but assert an ownership in the property by virtue of adverse possession and acquisition by acquiescence. A road, known as Kilowatt Drive, runs north and south on Minto Grain's property, the former right-of-way property once owned by BNSF. The Tiberts have been using Kilowatt Drive, rather than their true property line forty feet east of Kilowatt Drive, as the boundary between their property and Minto Grain's property. The Tiberts argue the line marked by the edge of the road has been used for approximately one hundred years as the boundary between the railroad right-of-way and the property the Tiberts currently own.

[¶ 3]  The Tiberts filed an action against Minto Grain in October 2001. The Tiberts' complaint asserted Minto Grain, LLC, claims legal title to the disputed property through a quit-claim deed recorded January 23, 2001. However, the com-

plaint sets forth two causes of action. In Count I of the complaint, the Tiberts allege ownership of the property through the doctrine of adverse possession. The Tiberts assert they had exclusive, hostile, open, notorious, and continuous possession of the property for at least twenty years, the prescribed statutory period for adverse possession. In Count II, the Tiberts alleged ownership through the doctrine of acquiescence because, for approximately 100 years, Kilowatt Drive has been used as a boundary between Minto Grain's right of way and the Tiberts' property. According to Count II, neither Minto Grain nor its predecessors attempted to correct this situation and the silence amounts to acquiescence. Minto Grain answered the complaint on August 27, 2001.

[¶ 4] On October 9, 2002, Minto Grain moved for judgment on the pleadings, under Rule 12(c), North Dakota Rules of Civil Procedure. The trial court dismissed the Tiberts' action, holding this Court's decision in Nowling v. BNSF Railway, 2002 ND 104, 646 N.W.2d 719, was dispositive of Tiberts' claims of adverse possession and acquiescence. The trial court also denied the Tiberts' contention that they were entitled to relief, under N.D.C.C. § 49–09–04.2, because this issue was not pled in the complaint, and the Tiberts did not move to amend the complaint to add that cause of action.

[¶ 5] On appeal, the Tiberts argue the trial court erroneously determined that our decision in Nowling v. BNSF Railway, 2002 ND 104, 646 N.W.2d 719, effectively adjudicated all issues of title implicated in the Tiberts' cause of action. The Tiberts also argue the trial court erred in failing to grant the appropriate deferential and liberalized construction to the Tiberts' complaint.

II

[¶ 6] A trial court's decision for granting judgment on the pleadings under Rule 12(c), N.D.R.Civ.P., is reviewed de novo. Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir.2002). A party may move for judgment on the pleadings, under our civil rules of procedure:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(c), N.D.R.Civ.P. Here, matters outside the pleadings were not presented to the trial court.

[¶ 7] When reviewing dismissal of a complaint after a judgment on the pleadings, under Rule 12(c), N.D.R.Civ.P.:

> we recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint is to be construed in the light most favorable to the plaintiff, and the allegations of the complaint are taken as true. The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.

*McCroskey v. Cass County,* 303 N.W.2d 330, 332 (N.D.1981) (citations and quotations omitted).

[¶ 8] Under North Dakota's notice pleading requirements, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." N.D.R.Civ.P. 8(a); *Estate of Hill,* 492 N.W.2d 288, 296 (N.D. 1992).

### III

[¶ 9] On appeal, the Tiberts argue the trial court improperly dismissed their claims to the disputed property. Specifically, the Tiberts assert the trial court erroneously determined that our decision in *Nowling v. BNSF Railway,* 2002 ND 104, 646 N.W.2d 719, effectively adjudicated all issues of title implicated in the Tiberts' cause of action. Rather, the Tiberts assert the application of *Nowling* raises serious questions as to whether Minto Grain possesses valid title through the quit-claim deed from BNSF.

[¶ 10] In *Nowling,* we held an operating railroad's right of way was considered a public highway, under provisions of the North Dakota Constitution, and was therefore not subject to adverse possession or the doctrine of acquiescence. *Nowling,* 2002 ND 104, ¶ 14, 646 N.W.2d 719.

[¶ 11] Here, the trial court determined "[i]t is clearly evident that the [Tiberts'] complaint presents two causes of action—one seeking relief by way of adverse possession, and one seeking relief by way of the acquiescence doctrine." Indeed, Count I, paragraph IV, of the Tiberts' complaint states, "the [Tiberts] are the owners of the real property . . . by adverse possession," and Count II, paragraph IX, states, "[Minto Grain] and its predecessors [sic] silence amounts to acquiescence in placing the boundary line along . . . Kilowatt Drive." These are the only two counts set forth in the Tiberts' complaint; no other theories of recovery were pled.

[¶ 12] The trial court then determined *Nowling* eliminated any remedy available to the Tiberts, on the basis of the two causes of action alleged in their complaint. According to the trial court:

> Minto Grain's title was acquired from BNSF on or about January 23, 2001. Before that the property was held by BNSF and was railroad right of way property. Consequently, it is impossible by the ruling contained in *Nowling* for the plaintiffs to acquire this property by adverse possession or acquiescence because it was impossible for them to claim it for a 20 year period during the time it was railroad right of way property—which was up until January 23, 2001.

[¶ 13] After reviewing the pleadings, we agree with the trial court's conclusion. Our decision in *Nowling* eliminated any grounds for relief, under either adverse possession or acquiescence, in the Tiberts' case. The pleadings contain no allegation of BNSF's abandonment of the disputed property, nor has there been any indication that the disputed property is anything other than a railroad right of way. *See Nowling,* 2002 ND 104, ¶ 12, 646 N.W.2d 719 (holding, "[w]e decline, however, to parse part of an operating railroad's right of way on an allegation that part of the land has been abandoned or not subject to railroad operations. *See* N.D.C.C. § 49–09–04.2"). In fact, the Tiberts' brief on appeal states, "The fact that the subject real property involved . . . is all 'railroad right-of-way' can scarcely be questioned now."

[¶ 14] The Tiberts' theories of recovery pled in the complaint, specifically the theories of adverse possession and acquiescence, are without merit, under our holding in *Nowling,* and, therefore, the district

court properly dismissed the Tiberts' complaint.

## IV

[¶ 15] The Tiberts argue that *Nowling* did not effectively adjudicate all issues, because Minto Grain's title is questionably void because BNSF failed to comply with N.D.C.C. § 49–09–04.2 (requiring a railroad, once it abandons a line or discontinues service, to first offer the land for public use and then to offer it to other parties or persons, prioritized by statute.) In support of their argument, the Tiberts proclaim our decision in *Nowling* as significant to this case because it was the first time we addressed N.D.C.C. § 49–09–04.2. This argument is an attempt to raise an issue not properly pled before the trial court.

[¶ 16] The Tiberts argue the trial court erred in failing to grant the appropriate deferential and liberalized construction to the complaint in the instant action. Specifically, the Tiberts argue their complaint gave Minto Grain notice of a claim for relief sought under N.D.C.C. § 49–09–04.2, and, as such, the district court should have allowed them to proceed under this cause of action. The Tiberts also argue that their complaint deserves additional liberalized construction because it concerns a quiet title action, which is an action in equity.

[¶ 17] In a motion for judgment on the pleadings under Rule 12(c), N.D.R.Civ.P., a "complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McCroskey v. Cass County*, 303 N.W.2d at 332. "The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P." *Id.*

[¶ 18] Under North Dakota's notice pleading requirements, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." N.D.R.Civ.P. 8(a); *Estate of Hill*, 492 N.W.2d 288, 296 (N.D. 1992). The purpose of this liberalized pleading requirement is to "place the defendant on notice as to the general nature of a plaintiff's claim.... In determining the sufficiency of a pleading, we will look to the substance of the claim alleged." *Daley v. American Family Mutual Insurance Co.*, 355 N.W.2d 812, 815 (N.D.1984) (citations omitted). North Dakota's rules do not require plaintiffs to "allege every element of their claim." *Kaler v. Kraemer*, 1998 ND 56, ¶ 7, 574 N.W.2d 588. "If the complaint contains a short and plain statement apprising the defendant of plaintiff's claim, it is sufficient." *Gowin v. Hazen Memorial Hosp. Ass'n*, 311 N.W.2d 554, 556 (N.D.1981). Indeed, "[a]ll pleadings shall be so construed as to do substantial justice." N.D.R.Civ.P. 8(f). This provision has been interpreted to mean that complaints should be " 'construed liberally so as to do substantial justice.' " *Kaler*, at ¶ 7 (quoting *Jablonsky v. Klemm*, 377 N.W.2d 560, 565 (N.D.1985)).

[¶ 19] The trial court dismissed the Tiberts' complaint with regard to the new action, ruling, "[t]he plaintiffs have spent a substantial part of their written argument outlining what they perceive to be an additional cause of action under N.D.C.C. 49–09–04.2. Even presuming that a cause of action might exists [sic], a review of the plaintiff's complaint offers no assertion that would allow for the minimal notice required under Rule 8 to entertain such a claim under the current pleadings." We agree.

[¶ 20] Section 49–09–04.2, North Dakota Century Code, sets forth the priority of purchasers once a railroad right of way

has been abandoned. Specifically, the statute requires a railroad, once it abandons a line or discontinues service, to first offer the land for public use and to then offer it to other parties or persons, as determined by statute. The pertinent statutory language states:

1. When service is discontinued on any railroad right of way in the state and the property is offered for sale, lease, exchange, or other disposal by the railroad or an affiliated entity, the property must first be offered to the following persons in the order of priority as follows:

a. The present owner or operator-lessee of fixed assets located on the property;

b. A person owning land contiguous to the right of way on opposite sides of the right of way;

c. A person presenting a reasonable plan for public recreational use of the abandoned property which includes the continuation of current private and public crossings; and

d. The adjoining landowner if the adjoining land, at the time of abandonment, is assessed for tax purposes as agricultural land.

2. The railroad company shall provide written notice to present owners and operator-lessees of fixed assets located on the property and shall publish notice of its intent to dispose of railroad right of way in two consecutive issues of the official county newspaper in each county in which the property is located. A railroad company is not required to give a priority party an option to purchase the property unless the party provides a written statement of interest to purchase the property within thirty days after final publication of notice of the railroad company's intent

to dispose of the property. The sale price of abandoned railroad property must be equitable.

N.D.C.C. § 49–09–04.2.

■ [¶ 21] A plaintiff is entitled to have its claims heard on the merits; thus, pleadings are to be construed to do substantial justice. *Gowin*, 311 N.W.2d at 556; *Kaler*, 1998 ND 56, ¶ 7, 574 N.W.2d 588. However, we believe this requirement of substantial justice equally applies to the defendant's entitlement to notice of any claims levied against him. The purpose of our pleading requirements is to "apprise the defendant of the nature of the plaintiff's claim." *Gowin*, at 556. A claim may fail under Rule 8(a), N.D.R.Civ.P., "if the defendant is unable to frame an appropriate responsive pleading." *Gowin*, at 556.

[¶ 22] Having viewed the facts and related inferences set forth in the pleadings in a light most favorable to the Tiberts, we conclude the trial court properly dismissed the complaint. Even the most liberal construction of the Tiberts' complaint does not indicate a cause of action under N.D.C.C. § 49–09–04.2.

[¶ 23] In the initial pleadings, the Tiberts, through unambiguous language, assert Minto Grain is the legal owner of the disputed property but the Tiberts are entitled to a declaration of ownership through the doctrines of adverse possession and acquiescence. However, in the Tiberts' argument opposing the motion for judgment on the pleadings and argument on appeal, the Tiberts claim Minto Grain is not the legal owner of the disputed property because the statutory procedures for transfer of railroad property under N.D.C.C. § 49–09–04.2 were not followed. Clearly, this argument is inapposite to any allegations set forth in the complaint.

[¶ 24] With regard to the Tiberts' claimed cause of action under N.D.C.C.

§ 49–09–04.2, judgment on the pleadings was appropriate because the Tiberts failed to raise this argument in any pleadings before the trial court, raising the issue only in their motion opposing judgment on the pleadings. The Tiberts also failed to amend their complaint to include this additional cause of action. The requirements of Rule 8(a) were not met, and the trial court properly granted Minto Grain's motion for judgment on the pleadings, under Rule 12(c), N.D.R.Civ.P.

[¶ 25] We do not determine whether the pleadings in an action in equity deserve more liberal treatment than pleadings in an action at law. Such a distinction is unnecessary to our determination today, because even the most liberal review of the Tiberts' complaint reveals nothing constituting notice of a cause of action under N.D.C.C. § 49–09–04.2.

V

[¶ 26] The Tiberts' complaint was properly dismissed because it failed to show the Tiberts were entitled to relief under the theories of adverse possession and acquiescence, under our holding in *Nowling*. The trial court did not err in failing to recognize an additional cause of action, under N.D.C.C. § 49–09–04.2, because the Tiberts failed to comply with the liberal pleading requirements of Rule 8(a), N.D.R.Civ.P. The trial court did not err in granting Minto Grain's motion for judgment on the pleadings, dismissing the Tiberts' complaint. The judgment is affirmed.

[¶ 27] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.