# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2516

_____

Robert V. Bolinske,

*Plaintiff - Appellant,*

v.

North Dakota Supreme Court; State of North Dakota; Disciplinary Board of the North Dakota Supreme Court; Office of Disciplinary Counsel; Inquiry Committee West; Dale V. Sandstrom, N.D. Supreme Court Former Justice; Gail Hagerty, N.D. District Judge; Lisa K. McEvers, N.D. Supreme Court Justice; Daniel Crothers, N.D. Supreme Court Justice,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: April 16, 2020
Filed: August 4, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

This appeal relates to an attorney discipline proceeding in North Dakota against attorney Robert V. Bolinske. Approximately six months after the close of that proceeding in 2018, Bolinske sued various state officials and entities in the district court, alleging several causes of action under federal and state law, and resulting damages. He later sought to amend his complaint to include additional claims. On a motion to dismiss, the district court[1] determined that it lacked jurisdiction over the claims in the original complaint, and that Bolinske's proposed amendments would be futile. We affirm.

In October 2016, while campaigning for a position on the North Dakota Supreme Court, Bolinske issued a press release claiming that North Dakota Supreme Court Justice Dale Sandstrom and North Dakota District Judge Gail Hagerty had tampered with public records. Hagerty filed a grievance complaint against Bolinske, asserting that his actions violated the North Dakota Rules of Professional Conduct. An Inquiry Committee concluded that Bolinske violated a rule against making false statements concerning the integrity of a judge, and a rule requiring judicial candidates to act with impartiality, integrity, and independence. The Inquiry Committee issued an admonition to Bolinske, determining that the allegations in his press release were made knowingly or with reckless disregard as to their truth or falsity.

Bolinske appealed the decision to the Disciplinary Board of the North Dakota Supreme Court. The Board affirmed the decision without a hearing. Bolinske appealed further to the North Dakota Supreme Court, where he argued that the procedures employed by the Inquiry Committee and the Board violated his constitutional rights under the Due Process Clause. The court held that his right to

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

due process was satisfied. *Matter of Bolinske*, 908 N.W.2d 462, 465 (N.D. 2018) (per curiam).

After the North Dakota court denied a petition for rehearing, Bolinske filed this lawsuit. He claimed that the disciplinary proceedings deprived him of his rights to substantive and procedural due process under the federal constitution. He also claimed that the defendants engaged in an unlawful conspiracy, and he asserted state-law claims of malicious prosecution, abuse of process, intentional infliction of emotional distress, governmental bad faith, tortious outrage, and defamation. He sought damages and named nine defendants: the State of North Dakota, the Supreme Court of North Dakota, the Disciplinary Board, the Inquiry Committee, the Office of Disciplinary Counsel, Sandstrom, Hagerty, and two Justices of the North Dakota Supreme Court who had considered his case.

The defendants moved to dismiss the complaint on the ground that the court lacked jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Before the court ruled on the motion, Bolinske moved to amend his complaint. The proposed amended complaint included new citations to four statutes in the section on jurisdiction and venue, specified that he sued all individuals in their individual and official capacities, and added a request for declaratory and injunctive relief on the due process claims. The proposed amendment also alleged two new First Amendment claims, under which Bolinske sought damages, a reversal of the judgment in the previous disciplinary proceedings, a declaration that North Dakota's procedures for attorney discipline are unenforceable, an injunction against a separate, ongoing disciplinary proceeding, and a declaration that any adverse rulings in the separate proceeding are void.

The court resolved the motion to dismiss and the motion to amend in a single order. The court described Bolinske's claims in the original complaint as an "attempt[] . . . to relitigate" the state disciplinary proceeding, and determined that it lacked jurisdiction over those claims under the *Rooker-Feldman* doctrine. The district court's conclusion finds support in decisions of other circuits. *Scott v. Frankel*, 562 F. App'x 950, 953-54 (11th Cir. 2014) (per curiam); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607 (9th Cir. 2005). As to the proposed amended complaint, the court said that it would be required under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from considering a request for an injunction against an ongoing disciplinary proceeding. The court denied Bolinske's motion for leave to amend his complaint, explaining that "even construing all facts in Bolinske's favor, his claim cannot prevail because of the jurisdictional issues" under *Rooker-Feldman* and *Younger*.

In this appeal, Bolinske emphasizes that "the <u>only</u> issue before the Court on this appeal is whether Bolinske's Motion to Amend Complaint should have been granted." Reply Br. 2. We therefore do not address the district court's dismissal of the original complaint based on the *Rooker-Feldman* doctrine, and we accept the court's decision on that point as the law of the case. *See Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1440-41 (8th Cir. 1986). Taking the dismissal as a given, we examine only whether the court properly denied Bolinske's proposed amendments as futile.

The proposed amended complaint renewed Bolinske's due process, conspiracy, and tort claims relating to the prior disciplinary proceedings. Bolinske's proposed amendments to the renewed claims were futile in light of the district court's ruling on *Rooker-Feldman*. Including citations to jurisdictional statutes, clarifying the capacity in which the defendants were sued, and adding requests for injunctive and declaratory relief would not address the crux of the district court's order of dismissal. Insofar as the claims in the original complaint were an improper attempt to relitigate the state

-4-

disciplinary proceedings, the renewed claims would have attempted to do the same. The court thus did not err in concluding that these proposed amendments would have been futile.

Bolinske's proposed amended complaint also would have asserted First Amendment claims that sought damages, reversal of the judgment from the prior proceeding, and a declaration that "the disciplinary processes now existing" are "null, void, invalid, and unenforceable." The district court did not mention these particular claims, but we conclude that they would be barred by the doctrine of claim preclusion. "[A] valid, final judgment is conclusive regarding claims raised, or claims that could have been raised and decided, as to the parties and their privies in all other actions." *Martin v. Marquee Pac., LLC*, 906 N.W.2d 65, 72 (N.D. 2018). The defendants, as alleged participants in the disciplinary process against Bolinske, represent the same legal right as the Disciplinary Board, so they are in privity with the Board. *See Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 384 (N.D. 1992). Although an attorney likely could not seek damages or sweeping declaratory judgments in North Dakota disciplinary proceedings, Bolinske could have raised First Amendment defenses before the state supreme court in his appeal from the decision of the Board. *See In re Disciplinary Action Against Garaas*, 652 N.W.2d 918, 925 (N.D. 2002) (per curiam). The doctrine of claim preclusion "should be applied as fairness and justice require," *Wetch v. Wetch*, 539 N.W.2d 309, 312 (N.D. 1995), and it should not permit an attorney to avoid the preclusive effect of disciplinary proceedings simply by adding a request for damages or declaratory relief in a later federal complaint. The proposed First Amendment claims thus would have been precluded and futile insofar as they sought retrospective relief.

The proposed First Amendment claims also would have sought injunctive relief to halt a separate, ongoing disciplinary proceeding against Bolinske and declaratory relief that any rulings in that proceeding are null and void. The district court ruled that it would have been required to abstain from hearing these claims. The *Younger*

abstention doctrine directs federal courts to abstain "when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (internal quotation omitted). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Attorney disciplinary proceedings in North Dakota are state judicial proceedings for purposes of *Younger* abstention. *Gillette v. N.D. Disciplinary Bd. Counsel*, 610 F.3d 1045, 1048 (8th Cir. 2010).

Bolinske contends that *Younger* abstention would be inappropriate here because the North Dakota attorney disciplinary proceedings are marked by "bad faith" and "harassment." *See Younger*, 401 U.S. at 54. Bolinske's complaint listed a litany of grievances: he has "had a long and contentious adverse relationship" with Sandstrom and Hagerty, his accusations against Sandstrom and Hagerty have yet to be investigated, one Justice of the North Dakota Supreme Court recused herself from consideration of Bolinske's case only after oral argument and allegedly "participated in discussions with other Justices and clerks both before and after oral argument," and another Justice should have recused himself but did not.

Assuming for the sake of analysis that a court could invoke the narrow "bad faith" and "harassment" exceptions to *Younger* outside the context of a state criminal prosecution, *see Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012), Bolinske has not shown that they should apply here. Taking the facts in the amended complaint as true, Bolinske alleges that a judge filed a disciplinary complaint against him after he publicly accused her of committing a crime, and that the state attorney discipline system followed its normal procedures in investigating and adjudicating the issue. His recusal arguments could be raised in the state court, and we do not presume that state courts will fail to safeguard federal constitutional rights. *Norwood*, 409 F.3d at 904. Adverse relationships are not uncommon in contentious litigation, and the involvement of judicial officers in the underlying

dispute may require other officials to consider whether their relationships with the disputants call for recusal.  But none of this is unique to the situation or sufficient to establish bad faith or harassment.  We see no cause to depart from the "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43.

Bolinske also argues that *Younger* should not bar his claim for an injunction because he "<u>waived</u> all his constitutional claims" in the ongoing proceedings "so that they would <u>not</u> be 'pending' in state court."  We have rejected similar attempts by plaintiffs to evade *Younger* abstention by declining to pursue federal claims in state court proceedings.  *See Night Clubs, Inc. v. City of Forth Smith*, 163 F.3d 475, 481 (8th Cir. 1998).  "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  We therefore conclude that the proposed amendment to add First Amendment claims with requests for injunctive and declaratory relief would have been futile.

The judgment of the district court is affirmed.

_____